Honorable Robert S. Lasnik

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| QOTD FILM INVESTMENT LTD.<br><br>　　　　Plaintiff,<br>　vs.<br><br>MARY STARR et al.<br><br>　　　　Defendants<br><hr><br>JUDY RUSHING<br>Cross Claimant<br><br>vs.<br><br>QOTD FILM INVESTMENT LTD.<br>Cross Defendant | Case No.: 2:16-cv-00371-RSL<br><br>ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE AMENDED COMPLAINT AS AGAINST DEFENDANT JUDY RUSHING |

COMES NOW, the Defendant, JUDY RUSHING ("Defendant"), by and through its counsel of record, hereby answers Plaintiff QOTD FILM INVESTMENT LTD. ("QOTD" or Plaintiff") Amended Complaint ("Amended Complaint"), on the grounds and praying for the relief hereinafter set forth and further files these counterclaim:

## I. Introduction

1. With regard to paragraph 1 it is introductory in nature and requires no response.

## II. Jurisdiction and Venue

2. With regard to paragraphs 2-3, admitted.

3. With regard to paragraph 4, Defendant has insufficient knowledge to admit or deny the allegations set forth in this paragraph, and therefore denies them, but admits that Rushing resides in this district.

## III. Parties

### A. Plaintiff

4. With regard to paragraphs 5-9, Defendant has insufficient knowledge to admit or deny the allegations set forth and therefore denies them. Defendant denies all allegations.

### B. Defendant

5. With regard to paragraphs 10-18 and 20-25, Rushing has insufficient knowledge to admit or deny the allegations set forth and therefore denies them.

6. With regard to paragraph 19, Rushing agrees that Comcast assign an IP address, but is unable to determine what the IP address was for the period of alleged infringement. Rushing, who lacks expert knowledge in the Internet and can neither admit nor deny that an "IP address can infringe". Rushing admits residing at that address.

## IV. Peer-to-Peer Networks and the Bittorrent Protocol

7. With regard to paragraphs 26-28, Rushing lacks expert knowledge in the Internet and Computer Protocols and therefore has insufficient knowledge to admit or deny the allegations set forth and therefore denies them.

///

///

### V. Computer Forensic Identification of Bittorrent Infringement

7. With regard to paragraphs 29-31, Rushing lacks expert knowledge in the Internet and Computer Protocols and therefore has insufficient knowledge to admit or deny the allegations set forth and therefore denies them.

### VI. Joinder

7. With regard to paragraphs 32-38, Rushing lacks expert knowledge in the Internet and Computer Protocols and therefore has insufficient knowledge to admit or deny the allegations set forth and therefore denies them

### VII. Cause of Action – Copyright Infringement

8. With regard to paragraph 39, paragraphs 1-38 in this answer, are incorporated by reference.

9. With regard to paragraphs 39-49, Rushing lacks expert knowledge in the Internet and Computer Protocols and therefore has insufficient knowledge to admit or deny the allegations set forth and therefore denies them

### VIII. Response to the Prayer

29. Defendant respectfully denies the allegations in Plaintiff's Prayer for Relief, ¶¶(A)-(F).

### Response to Jury Trial Demand

30. Defendant agrees to a Jury Trial.

### AFFIRMATIVE DEFENSES

31. Plaintiff's claims are barred by the grant of an actual or implied license granted to the Defendant.

32. Plaintiff's claim are barred under the doctrine of limited abandonment of the viewing right.

33. Plaintiff's claims are barred by the doctrine of lack of standing.

34. Plaintiff's claims are barred under doctrine of inequitable conduct before the Copyright Office.

35. Plaintiff's claims are barred under the statutory defenses provided for under 17 USC 107.

36. Plaintiff's claim of statutory damages may be subject to apportionment across joint infringers.

37. Plaintiff's claims are barred under the doctrine of copyright misuse.

38. Plaintiff's claims are barred because Rushing did not infringe.

39. Defendant reserves the right to amend these affirmative defenses up until and during trial.

## **COUNTERCLAIM OF RUSHING**

### **Introduction**

40. Some Courts are finding that an IP Address is not the same as the person who infringes.

> "…While it is possible that the subscriber is also the person who downloaded the movie, it is also possible that a family member, a resident of the household, or an unknown person engaged in the infringing conduct…", *Cobbler Nevada, LLC v. Thomas Gonzales*, DIST OR, 15-CV-00866-SB, DCKT 35, Page 7 (2015).

41. Congress recognized that the internet would create new problems with infringement. In 1998, Bill Clinton signed into law the Digital Millennium Copyright Act (DMCA). 17 U.S.C §512. The DMCA provides a simple way to lessen the effects of infringement – by sending a DMCA notification of claimed infringement to the Service Provider. 17 U.S.C §512(c)(3). Serving the DMCA notice requires that the service provider, in this case Comcast, to act affirmatively to stop the end users allegedly infringing behavior.

42. Despite enactment of the DMCA, Copyright trolls have opted not to elect to send these simple and inexpensive DMCA notices to service providers. This is because the investment of a postage stamp, fax, or email, will not generate an acceptable ROI. Instead, filing a lawsuit without exercising the low cost benefits of the DMCA's produces an outsized reward.

43. By way of example, since 2015, Disney, a studio which has hundreds if not thousands of films in its portfolio, has filed less than twenty (20) lawsuits classified as "Copyright" in PACER since 2015. QOTD, which has produced a single film, has filed forty (40) lawsuits during the same time period

44. QOTD and other trolls rely on the simple economic asymmetry of infringement actions – that a defendant cannot possibly hire an experienced copyright litigator for the proposed settlements that range from $1K-10K.

45. As such, these troll cases result in cycle of "sue-settle-repeat" without ever taking any case to trial. This litigation wash cycle produces settlements that greatly exceed any actual or statutory damages for copyright infringement.

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

46. This counterclaim arises under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq.,

47. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has jurisdiction over any pendent state law claims.

48. Rushing is a school bus driver for the South Kitsap School District. Rushing is a widow and makes approximately $34,000.00 per year. Rushing supplements her income during the summer by driving for the local "Airporter Service" to make ends meet.

49. Rushing subscribed to Comcast Internet in January 2015 to have access to Netflix. Rushing does not personally own a full sized computer (e.g. desktop, laptop, tablet, etc.). Rather she uses a "smart phone" to display images and to send and receive emails.

50. Rushing lives with her adult son who is financially incapable of supporting himself. Rushing's son ("RS") suffered a head injury in 2010. RS is diagnosed with a medical condition that affects his mental state and, although is able to use a computer, does not make rational judgments. RS is currently on social security disability, receives about $ 700.00 per month, and does not have a job.

51. RS purchased a second hand computer on or about January 2015 and uses it in his room.

52. On or about April 4th 2016, Rushing received notice by mail from Comcast, with the subpoena served on Comcast for Rushing's account information by QOTD. Prior to April, Rushing did not receive any notices, DMCA or otherwise, regarding the purported infringement of the film produced by QOTD.

53. Rushing told RS about the notice. RS admitted downloading the film, but did not understand the implications of downloading. Rushing the told RS not to download movies and on good faith and belief RS has ceased downloading, but it is his computer and Rushing does not have

control over property that he owns.  Further, Rushing is bound by a term contract with Comcast that would penalize her if she were to terminate service. Also Rushing does not have the technical skill nor the funds to hire a programmer to "block" use of the internet by RS.  Also RS uses the internet legitimately to send and receive emails and seek employment.

54.	On or about, June 2016, RS contacted counsel for QOTD and explained to counsel for QOTD that RS downloaded the film, but Rushing did not.  Counsel for QOTD represented to RS that they would amend the complaint to name RS and dismiss Rushing.

55.	QOTD was unaffected by the good faith effort of RS and Rushing regarding this case.  QOTD took no steps to dismiss Rushing and add RS.  QOTD has continued instead to assert these claims against Rushing only.

56.	Whereas, a case and controversy has arisen between Rushing and QOTD regarding a claim of copyright infringement for a work owned by QOTD.

57.	QOTD claims Rushing has infringed the work owned by QOTD via "bittorrent downloading".

58.	Rushing denies any claim of infringement.  Further, Rushing took steps to ameliorate any harm that occurred to QOTD by informing her son, RS that downloading of QOTD's film was improper.

**DEFENDANT'S PRAYER FOR RELIEF**

Defendant respectfully prays and judgment entered as follows on the cross claims:

    A.  That Plaintiff's claims for infringement be denied in their entirety and take nothing;

    B.  That a declaratory judgment be entered that Rushing did not infringe;

    C.  That Rushing is the prevailing party under the Copyright Act;

    D.  That Rushing be entitled to statutory attorney fees under the Copyright Act;

    E.  That Rushing be entitled to costs of suit; and

    F.  That Rushing be entitled to any other relief that this Court may allow.

Respectfully submitted,

Dated: August 8, 2016

/s/ J. Curtis Edmondson
Slinde Nelson Stanford
111 Southwest 5th Avenue, Suite 1940
Portland, OR 97204
Phone: 866-280-7562
Email: jcedmondson @slindenelson.com
Web: www.slindenelson.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the attached ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE AMENDED COMPLAINT AS AGAINST DEFENDANT JUDY RUSHING

on the following person(s) on the date indicated below:

(see attached service list)

by the following indicated method(s):

☐ by **emailing** full, true, and correct copies thereof to said attorney to the email address noted above, which is the last known email address for said attorney, on the date set forth below.

☒ by notice of electronic filing using the CM/ECF system.

☒ by causing full, true and correct copies thereof to be **mailed** to the parties at the parties last-known office address(es) listed on the date set forth below.

DATED:  August 8, 2016.

/X/ *Jessica R. Hake*

Jessica R. Hake
*Paralegal to J. Curtis Edmondson*

**SERVICE LIST**

David Allen Lowe
Lowe graham jones
701 5th Ave., Suite 4800
Seattle, WA 98104-7009

Mary Starr
3630 Juniper Ln.
Auburn, WA 98092

Yuriy Kupechenko
19409 94th Street E.
Bonney Lake, WA 98391

John Aleantar
12525 SE 312th St. Apt. 62
Auburn, WA 98092

Matt Makowiez
9403 Capstan Dr. NE
Bainbridge Island, WA 98110

Sonny Nguyen
3217 147th Pl SE
Mill Creek, WA 98012

Michael Cook
8126 NE 142nd Place
Kirkland, WA 98034