UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| QOTD FILM INVESTMENT LTD., | Civil Action No. 16-cv-0371RSL |
| Plaintiff, | OPPOSITION TO MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT |
| v. | |
| MARY STARR, an individual; JUDY RUSHING, an individual; WADE COPE, an individual; JOHN ALCANTAR, an individual; MATT MAKOWICZ, an individual; SONNY NGUYEN, an individual; and MICHAEL COOK, an individual | |
| Defendants. | |

Plaintiff QOTD Film Investment Ltd. ("QOTD") respectfully opposes Defendant Sonny Nguyen's (aka Doe 13) motion to dismiss.

A.      CASE BACKGROUND

QOTD, a film producer and motion picture copyright holder, filed a copyright infringement action against Doe Defendants alleging infringement of its motion picture entitled *Queen of the Desert* on March 11, 2016. (Dkt. 1) Using so-called "peer-to-peer" ("P2P") or BitTorrent file "swapping" networks, Defendants' infringements allow them and untold others to unlawfully obtain and distribute for free the copyrighted motion picture. QOTD sued Defendants as "Doe" Defendants because Defendants committed their infringements using online pseudonyms ("user

MOTION FOR LEAVE TO AMEND COMPLAINT
TO SUBSTITUTE PARTY - 1
Civil Action No. 16-cv-0371RSL

INIP-6-0031P41 OPPMOTDismiss

LOWE GRAHAM JONES™

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

names" or "network names"), not their true names. At the time of filing, QOTD was only able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement. The only way that QOTD can determine Defendants' actual names is from the non-party Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access. This information is readily available to the ISPs based on records kept in the regular course of business.

Accordingly, QOTD promptly filed a motion for leave to take early discovery from the identified ISP (Comcast) to determine Defendant's identity. The bases for QOTD's infringement allegations, and justification for expedited discovery, are set forth in detail in its complaint, motion and supporting technical declaration. (Dkts. 1, 5-6) These provide background describing the online media distribution system Doe 13 and other Defendants have used without authorization to download and distribute the copyrighted motion picture to other users on the P2P network. (Dk. 1, ¶¶ 10-14; Dkt. 6, ¶¶ 3-8) The described forensic software used for BitTorrent enforcement collects, identifies and records the IP addresses used by those people that employ the BitTorrent protocol to share, copy, reproduce and distribute copyrighted works. More specifically, as explained in the Arheidt declaration, the forensic software scans P2P networks for the presence of infringing transactions and isolates the transactions and the IP addresses of the users responsible for copying and distributing the motion picture. This information is used along with corresponding hash values and transaction dates and times to identify the "swarm" of users that were reproducing, distributing, displaying or performing the copyrighted motion picture. The software uses a geolocation functionality to confirm that IP addresses of the identified users were located this judicial district. (Id. ¶¶ 9-21)

QOTD sufficiently identified Doe 13 via the unique IP address assigned thereto at the time of the unauthorized distribution of the copyrighted motion picture. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 579-580 (N.D. Cal. 1999). Specifically, QOTD has Doe 13's

MOTION FOR LEAVE TO AMEND COMPLAINT
TO SUBSTITUTE PARTY - 2
Civil Action No. 15-cv-1616TSZ
INIP-6-0031P41 OPPMOTDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

IP address and the date and time of Defendants' infringing activities, tracing the IP address to specific ISP, in this case Comcast. The ISP subsequently identified Doe 13 as Sonny Nguyen, confirming that he was a real person who can be sued in federal court. QOTD thereafter filed its first amended complaint (Dkt. 16).

**B.      MR. NGUYEN FAILS TO MEET THE HIGH STANDARD FOR DISMISSAL**

A complaint fails to state a claim upon which relief may be granted if the plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court should only dismiss a complaint for failure to state a claim if, taking all factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 662; *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010). This standard is not, however, akin to a "probability requirement." Rather, it only asks for "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

QOTD readily surpasses this modest threshold for notice pleading of its copyright infringement claim against Defendant. To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Servs. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). QOTD unequivocally alleged both in its original and amended complaint, which allegations must be taken as true. (Dkt. 16, ¶¶ 5-16, 24) These factual assertions are neither "formulaic recitation of the elements" or "bare legal conclusion," but rather specifically allege that Defendant copied QOTD's work. Indeed, Mr. Nguyen inconsistently argues on the one hand that

MOTION FOR LEAVE TO AMEND COMPLAINT
TO SUBSTITUTE PARTY - 3
Civil Action No. 15-cv-1616TSZ

INIP-6-0031P41 OPPMOTDismiss

LOWE GRAHAM JONES ₚₗₗₒ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

QOTD fails to state a claim or needs more definite statement while at the same time complaining that the complaint is overly complicated to its intended audience. He cannot have it both ways, and in the end, QOTD meets the standard required, namely, to provide fair notice of the infringed copyright and how the unauthorized copying occurred. QOTD's infringement claim is "plausible on its face," and readily pass the *Twombly/Iqbal* standard for notice pleading.

Mr. Nguyen asserts that QOTD failed to properly identify the Defendant and allege facts that the Defendants participated in the infringing conduct. That is simply untrue. After outlining its copyright infringement claims, including a detailed description of the technology used for the infringement (*see id*. ¶¶ 26-38), QOTD specifically identified Mr. Sonny by name and address as the party which, "based on the investigation to date, and on information and belief," was the responsible party. (Id. ¶¶ 17, 24) The *Twombly/Iqbal* standard for notice pleading requires nothing more.

Mr. Nguyen takes issue with both QOTD's allegations of direct and, alternatively, potentially indirect copyright infringement. But contrary to Mr. Nguyen's assertion, it has never been the case that QOTD has alleged that the subscriber is the infringer based solely on responsibility for the IP address where the infringement occurred. Only formal discovery will determine whether facts supports direct infringement or such alternative claims of liability, which may only be triggered if Mr. Nguyen is not found responsible for direct infringement and otherwise the criteria for indirect infringement is met. For example, if Mr. Nguyen was on notice, had knowledge of and participated in the infringement, indirect infringement may be a valid claim— which is precisely what is alleged in this alternative claim. At a minimum, QOTD's claim, on information and belief, meets the *Twombly/Iqbal* standard that there be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Finally, Mr. Nguyen asserts that QOTD failed to perform adequate investigation prior to bringing suit. Mr. Nguyen has no basis for this allegation, which itself is patently incorrect. To the

MOTION FOR LEAVE TO AMEND COMPLAINT
TO SUBSTITUTE PARTY - 4
Civil Action No. 15-cv-1616TSZ
INIP-6-0031P41 OPPMOTDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

contrary, QOTD performed significant investigation prior to bringing its claim, as set forth in its amended complaint. (Id. ¶¶ 10-16). In fact, QOTD has taken more than reasonable steps in its efforts to identify the proper responsible party. The simple truth is that with these types of claims, barring voluntary participation by the subscriber and absent naming the subscriber and conducting formal discovery, QOTD is unable to do more. Indeed, the courts in this jurisdiction have specifically denied multiple requests to conduct early third party discovery of subscribers to confirm the identity of the infringing party. Instead, courts have instructed plaintiff's such as QOTD, when in possession of the names of the holders of each IP address that allegedly infringed its film, to:

> proceed by naming those parties as defendants and conducting discovery in the normal course prescribed by the Federal Rules. *See, e.g.*, *Hard Drive Prods., Inc. v. Doe*, 2012 WL 90412, *2-3 (E.D. Cal. Jan. 11, 2012) (denying request to depose identified IP address holders). To the extent subsequent case developments show that the IP holders are not the infringing parties, plaintiff may seek to amend the Complaint as necessary.

*See, e.g., Cobbler v. Does*, Case No. 15-cv-1408 (Dkt. 23, 1/26/16) (Zilly, J.); *Dallas Buyers Club v. Does*, Case Nos. 14-cv-1819 (and others) (Dkt. 57, 2/11/16, p. 5) (Jones, J.). That is precisely what QOTD has done. Unless courts are prepared to foreclose to owners the right to enforce their federal copyright registrations in district court, plaintiffs such as QOTD must be allowed to prosecute their claims in just such as manner.

**C.    QOTD IS PURSUING ITS COPYRIGHT INFRINGEMENT CLAIMS IN GOOD FAITH**

QOTD is defending its federal copyrights in an effort to stem the tide of online BitTorrent infringement that Congress has called "a raging epidemic." These rights are no less important than those of any other rights holders, whether it be of physical or intellectual property. As explained by Senator Levin in Congressional hearings on peer-to-peer Internet piracy:

> In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines. In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it

MOTION FOR LEAVE TO AMEND COMPLAINT
TO SUBSTITUTE PARTY - 5
Civil Action No. 15-cv-1616TSZ
INIP-6-0031P41 OPPMOTDismiss

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

equivalent to jaywalking—illegal but no big deal. But it is a big deal. Under U.S. law, stealing intellectual property is just that—stealing. It hurts artists, the music industry, the movie industry, and others involved in creative work. And it is unfortunate that the software being used—called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm. (Sen. Leven, Senate Hrg. 108-275, Sept. 30, 2003)

Telling is the fact that Mr. Nguyen relies a 2011 Internet article from "torrentfreak.com," a self-proclaimed advocate of BitTorrent activity that is responsible for the "raging epidemic" of copyright infringement Congress is attempting to thwart. Mr. Nguyen offers no proof to support his allegation that QOTD is "improperly using the federal court system" in defense of its federally registered copyrights. And Mr. Nugyen's assertion that QOTD's action "violate Fed. R. Civ. P. 11" not only lacks merit, but itself violates Rule 11(c)(2) in the manner in which it was threatened in the motion to dismiss. Frankly, such accusations should be stricken and utterly disregarded as wholly baseless.

As well-documented in QOTD's complaint, motion and supporting expert declaration, QOTD has more than met its burden of asserting a *prima facie* claim for copyright infringement in its complaint that can withstand a motion to dismiss. Specifically, QOTD has alleged that: (a) it owns the exclusive rights under the registered copyright for the motion picture, and (b) the Doe Defendants copied or distributed the copyrighted motion picture without Plaintiff's authorization. These allegations state a claim for copyright infringement. *See* 17 U.S.C. §106(1)(3); *A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1014-15 (9th Cir. 2001) (Napster users who upload file names to the search index for others to copy violate distribution rights and users who download files containing copyrighted music violate reproduction rights); *In re Aimster Copyright Litig.,* 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright.").

MOTION FOR LEAVE TO AMEND COMPLAINT
TO SUBSTITUTE PARTY - 6
Civil Action No. 15-cv-1616TSZ

INIP-6-0031P41 OPPMOTDismiss

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### D. MR. NGUYEN'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT SHOULD BE DENIED

Mr. Nguyen's assertion that '[t]his Court has consistently and summarily dismissed similar peer-to-peer based complaints" is simply false. To the contrary, there have been more than 50 BitTorrrent copyright infringement cases over the last two years in this jurisdictions without any such dismissal. Even the single case relied upon by Mr. Nguyen fails to support his assertion. While the Court in *Thompsons Film, LLC v Does 1-194*, U.S.D.C. WDW C13-0560RLS granted a dismissal in early 2014 for failure to state a claim based on the originally filed complaint, it granted leave to file an amended complaint, which was filed by the plaintiff, was deemed to sufficient state a claim, and in fact **led directly to a consent judgment against one of the filings of the motion to dismiss**. (Dkt. 75) Regardless, the outcome in that single case has no bearing on this case, which involves a different plaintiff, underlying claim investigation and robust complaint.

Mr. Nguyen may not like being haled into court to defend a federal copyright infringement claim, and may even proclaim his innocence, but that does not mean that QOTD's claims are not valid and fully alleged on information and belief sufficient to meet the *Twombly/Iqbal* standard for notice pleading, or that QOTD failed to properly investigate its claims. To the contrary, the original and amended complaint more than adequately meets these requirements and provide a definite statement of QOTD's copyright infringement claims. QOTD has reasonably investigated its copyright infringement claims and alleged them based on the evidence available, and should be allowed to conduct discovery sufficient to prove the same. Indeed, it is simply not possible for a more definite statement to be submitted at this point in the proceeding—until and unless voluntary or formal discovery is obtained.

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

There is no basis for dismissing the amended complaint based on failure to state a claim or requiring a more definite statement. For the reasons set forth above, Plaintiff respectfully request that Mr. Nguyen's motion be DENIED.

RESPECTFULLY SUBMITTED this 6th day of September, 2016.

> s/David A. Lowe, WSBA No. 24,453
> Lowe@LoweGrahamJones.com
> LOWE GRAHAM JONES PLLC
> 701 Fifth Avenue, Suite 4800
> Seattle, WA 98104
> T: 206.381.3300
>
> Attorneys for QOTD Film Investment Ltd.

MOTION FOR LEAVE TO AMEND COMPLAINT
TO SUBSTITUTE PARTY - 8
Civil Action No. 15-cv-1616TSZ
INIP-6-0031P41 OPPMOTDismiss

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

s/ David A. Lowe

LOWE GRAHAM JONES ℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301