Hon Robert S. Lasnik
MOTION DATE: SEPTEMBER  9 ,2016

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QOTD FIRST INVESTMENT LTD,   ) | |
| ) | |
| Plaintiff,   ) | NO.16-cv-00371 RSL |
| ) | |
| vs.   ) | |
| ) | REPLY TO OPPOSITION TO |
| MARY STARR ET AL,   ) | MOTION TO DISMISS |
| ) | OR FOR A MORE DEFINITE |
| Defendant.   ) | STATEMENT |
| ) | |
| ) | SONNY NGUYEN |
| ) | |

**INTRODUCTION**

Plaintiff QOTD presents three arguments in its Opposition to the Motion to Dismiss or for a More Definite Statement "Opposition"(Dkt # 47):

1) That its  Forensic software sufficiently identified Sonny Nguyen as the infringer to list him as an infringer;  Opposition,  pages 1 – 3.)

2) Mr. Nguyen Fails to Meet the High Standard for Dismissal (Opposition ¶ B, page 3);

3) QOTD is pursuing its copyright infringement claims in good faith (Opposition, ¶C, page 5).

**In REPLY**,

Sonny Nguyen addresses these points as follows:

REPLY TO OPPOSITION RE:
MOTION TO DISMISS
BY SONNY NGUYEN

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle   WA 98165
(206)361-4840

**1) QOTD'S Forensic software does not identified Sonny Nguyen as the infringer**

To support its manner of listing the names of the defendants in its lawsuit, QOTD describes how it relies upon the information in a sworn declaration by its expert Arheidt . Assuming that plaintiff mistakenly refers to a declaration by Daniel Macek ("Declaration" Dkt # 6) supporting QOTD's *ex parte* motion to subpoena names and addresses of COMCAST subscribers, Mr. Macek describes that he is a consultant to Maverickey ("MEU") which provides forensic investigation services.

Assuming also for this argument, that Mr. Macek qualifies as an expert, that the equipment and undescribed proprietary process used is accurate, reliable and based on science generally accepted by its relevant scientific community, we find that Mr. Macek <u>does not support</u> QOTD's assertion that it has identified infringers. In fact, Mr. Macek states just the opposite. Mr Macek states that plaintiff can observe infringement, but "…*it does not know the true identities of those who are committing the infringement.*" (Declaration, ¶6) .

No where does Mr. Macek state that a COMCAST subscriber with a specific IP assigned, is an infringer. No where does he state that Sonny Nguyen is an infringer, nor can he. That is because it is well known that many people are able to access the internet using the same external IP address through modem/ routers. Since the early 2000's, modem/ routers have become a commonly used internet appliance in offices and residences. A home modem/router can wirelessly connect, sometimes for long distances, to other internet appliances and facilitate communication between the appliances and to the internet through a single external IP address. People using the same external IP address on the internet can include the subscriber as well as subscriber's friends, neighbors, relatives and strangers, hackers and IP Spoofers[1].

What Mr. Macek does is to carefully distinguish an infringer from an IP subscriber. He notes that **plaintiff can only detect the IP address** for a specific time and day of infringing activity. Using this information Mr Macek further explains, plaintiff may learn the approximate geographic location from an IP address to sufficient

---

[1] https://en.wikipedia.org/wiki/IP_address_spoofing (Sept 9,2016)

REPLY TO OPPOSITION RE:
MOTION TO DISMISS
BY SONNY NGUYEN

Page 2 of 6

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle   WA 98165
(206)361-4840

1 identify the ISP which would have an IP subscribers' name, address, email address, phone number and other related

2 information. (Declaration,¶ ¶12 and 21). Mr. Macek realizes that identifying an IP subscriber tells us nothing about

3 who actually uses an internet appliance such as a modem/ router, fax machine, photocopier, computer, mobile or

4 cellular phone, tablets, laptops, smart TV's or other internet appliance---all sharing the same external IP address on

5 the internet.

6 Neither the Plaintiff nor the Court should leap to the conclusion that the subscriber---Sonny Nguyen---is

7 engaged in infringement based on Mr. Macek's declaration.

8

9 **2) QOTD Cites the Wrong Standard for Dismissal (Opposition, § B, page 3);**

10 The issue is not whether Mr. Nguyen fails to meet the high standard for dismissal. It's just the opposite.

11 Once a motion to dismiss a complaint for failure to state a claim is filed, the Court looks <u>at the complaint</u> and its

12 support to determine if the complaint meets the standards set for in *Bell Atlantic Corp v Twombly* , 550 U.S. 544,

13 555 (2007). If the complaint fails to meet the standards of factual particularity, the court must dismiss the

14 complaint for failure to state a claim. The plaintiff must plead a "factual content that allows the court to draw the

15 reasonable inference that the defendant is liable for misconduct alleged." *Twombly*, supra at 555. Although a

16 complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain

17 more than a "formulaic recitation of the elements of a cause of action." If the complaint fails to state a cognizable

18 legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Robertson v Dean Witter*

19 *Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

20 As explained in the Motion to Dismiss or For a More Definite Statement ("Motion To Dismiss") Dkt #45,

21 plaintiff merely substituted the "Does" named in the original complaint with subscriber names obtained from

22 COMCAST. QOTD fails to describe facts to link a COMCAST subscriber to alleged acts of infringement. By doing

23 so, QOTD fails to meet its burden under copyright law. QOTD fails to to allege facts of infringement by Sonny

24 Nguyen. QOTD's 1st Amended Complaint simply describes all the ways a person could engage in actual or

25 REPLY TO OPPOSITION RE:
MOTION TO DISMISS
BY SONNY NGUYEN

Page 3 of 6

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle   WA 98165
(206)361-4840

1  indirect infringement and asks the Court to pick-one.

2

3  **3) QOTD has not shown it is pursuing its copyright infringement claims in good faith Opposition, ¶C, page 5).**

4  As explained in the Motion to Dismiss, plaintiff merely substitutes the "Does" named in the original

5  complaint with subscriber names obtained from COMCAST. Plaintiff offers no factual basis beyond this simple

6  process of naming subscribers as infringers. QOTD confesses to lack of facts supporting claims of infringement by

7  the defendants in its Opposition. QOTD argues that it has no other choice:

8  
> The simple truth is that with these types of claims, barring voluntary participation by the subscriber and absent naming the subscriber and conducting formal discovery, QOTD is unable to do more.

9  Opposition, pages 5, lines 3-5.

10  This admission by QOTD supports the basis of dismissal. This statement also supports the basis for

11  dismissal with prejudice since QOTD admits it cannot present a case against an infringer.

12

13  **CONCLUSION**

14  QOTD failed to meet its burden under copyright law to state facts supporting a claim of infringement by

15  Sonny Nguyen and that it cannot do so.

16  It appears that QOTD's use of COMCAST information was to contact COMCAST subscribers to

17  encourage them to "Pay-Up" before being named in a Federal Lawsuit. The Subscribers' alternative to "Pay Up" is

18  to retain an expensive, hard-to-find attorney competent in intellectual property law. Many of the subscribers cannot

19  do so.

20  This explains why so many *"Does"* in this[2] and many other "Does" cases, before this Court and throughout

21  our nation's federal district courts are in default. It explains why so many cases are dismissed by plaintiff, by way

22  of a confidential agreement. It is highly likely that many innocent D*oes* just find it cheaper to "Pay-Up" to buy a

---

[2] Mary Starr, Yury Kupchenko, John Alcantar, Matt Makowicz and Michael Cook.

REPLY TO OPPOSITION RE:  
MOTION TO DISMISS  
BY SONNY NGUYEN  

Page 4 of 6

Law Office of Joseph Chalverus  
Lake City Law Center  
P.O. Box 25050  
Seattle   WA 98165  
(206)361-4840

1  voluntary dismissal with a confidential agreement than defend the case in Federal Court. Other subscribers, in

2  default probably do not have the resources to "Pay-Up" or are unable to find an attorney willing to accept an

3  intellectual property law case in the Federal Court.

4      Plaintiff could support its claim that it acts in *good faith* by explaining what efforts it employs to assure the

5  Court that it seriously investigates its cases before filing law suits against internet subscribers. But QOTD doesn't.

6      *Good faith* is for the Court to determine based on information and in this case, lack of information.

7      Respectfully submitted,

8      DATED: September 9, 2016

9                        S/ Joe Chalverus
                        Joseph Chalverus

10                         Attorney for Sonny Nguyen

REPLY TO OPPOSITION RE:
MOTION TO DISMISS
BY SONNY NGUYEN

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle   WA 98165
(206)361-4840

Page 5 of 6

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed with the Clerk of the Court this document and attachments using the CM/ECF system, which will send notification of such filing to:

All parties of record.

September 9, 2016

S/ Joe Chalverus
Joseph Chalverus
Attorney for Sonny Nguyen

REPLY TO OPPOSITION RE:
MOTION TO DISMISS
BY SONNY NGUYEN

Page 6 of 6

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle   WA 98165
(206)361-4840