UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QOTD FILM INVESTMENT, LTD,

    Plaintiff,

    v.

DOES 1 - 14,

    Defendants.

Case No. C16-0371RSL

ORDER DENYING DEFENDANT NGUYEN'S MOTION TO DISMISS

This action was filed on March 11, 2016. Plaintiff asserted copyright infringement claims against fourteen Doe defendants. Each defendant was identified only by an IP address linked to the on-line sharing of the movie *Queen of the Desert*. On May 9, 2016, the internet service provider identified the owner of each IP address, but plaintiff was unwilling or unable to amend its complaint to name any of the Doe defendants at that time. Instead, plaintiff sent a letter to the identified subscribers which, among other things, invited them to cooperate in positively identifying the actual infringer. Dkt. # 14-1 at 11. When plaintiff still delayed filing and serving an amended complaint, the Court warned:

> Having initiated this lawsuit, plaintiff will be required to prosecute it. If plaintiff believes that it can, consistent with its Rule 11 obligations, assert claims of copyright infringement against individuals based on their ownership of an IP address, it shall amend the complaint and serve process under Rule 4(e) or (h) within fourteen days of the date of this Order. Failure

ORDER DENYING MOTION TO DISMISS - 1

> to file proof of service within that time (or a motion setting for the efforts
> made to serve and requesting a further extension of the service deadline),
> will result in the dismissal of this action without prejudice as to any
> unserved defendants.

Dkt. # 15 at 3.

The First Amended Complaint for Copyright Infringement names eight individual defendants, one of whom has now moved to dismiss the claims against him or to obtain a more definite statement of the claims. Dkt. # 45. The question for the Court on a motion to dismiss is whether the facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that
> allows the court to draw the reasonable inference that the defendant is liable
> for the misconduct alleged. Plausibility requires pleading facts, as opposed
> to conclusory allegations or the formulaic recitation of elements of a cause
> of action, and must rise above the mere conceivability or possibility of
> unlawful conduct that entitles the pleader to relief. Factual allegations must
> be enough to raise a right to relief above the speculative level. Where a
> complaint pleads facts that are merely consistent with a defendant's
> liability, it stops short of the line between possibility and plausibility of
> entitlement to relief. Nor is it enough that the complaint is factually neutral;
> rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory or (ii) insufficient facts under a cognizable legal claim. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). If the Court dismisses the complaint or portions

ORDER DENYING MOTION TO DISMISS - 2

thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

      Having reviewed the memoranda submitted by the parties, the Court finds as follows:

      Defendant Nguyen is a Comcast customer who was assigned the IP address that was used to download all or part of plaintiff's copyrighted work. He argues that plaintiff's factual allegations fail to state a claim for relief that crosses the line between possible and plausible. Defendant Nguyen correctly argues that plaintiff's allegation that each of the named defendants "copied and distributed Plaintiff's copyrighted motion picture *Queen of the Desert*" (Dkt. # 16 at ¶ 10) is merely a formulaic recitation of an element of plaintiff's direct infringement claim. Plaintiff has, however, made specific factual allegations in support of that assertion, such as:

- that Comcast identified defendant Nguyen as the subscriber to whom a specific IP address was assigned during the relevant time period (Id. at ¶ 10);

- that the "IP address was observed infringing Plaintiff's motion picture at that time" (Id. at ¶ 24);

- that the download of *Queen of the Desert* was not an isolated infringement, but rather one instance of significant BitTorrent activity in which defendant Nguyen's IP address participated during the relevant period (Id. at ¶ 12);

- that the materials shared and downloaded would not be of interest to a child (Id.); and

- that the physical location and layout of defendant Nguyen's residence makes it unlikely that his IP address was hijacked by a neighbor or passerby (Id. at ¶ 14).

These allegations contain more heft than those that the Court considered in The Thompsons Film, LLC v. Does 1-194, C13-0560RSL (W.D. Wash. Feb. 14, 2014), in that they render some of the other plausible explanations for the infringing use of the IP

ORDER DENYING MOTION TO DISMISS - 3

address less likely. Plaintiff has alleged facts indicating that defendant Nguyen is not in an apartment or other location where strangers could connect to his server, that it is unlikely that a child in the residence was responsible for the download, and that the use of the IP address for infringing activity was extensive enough that an inference of knowledge and permission arises. All of these facts, added to defendant Nguyen's ownership of the account, raise a plausible inference that defendant Nguyen is the person who engaged in copyright infringement. Plaintiff may be wrong – but it is not required to prove its allegations in order to adequately plead a claim of direct infringement under Twombly.

Likewise, plaintiff's alternative claim of indirect infringement is plausible. Defendant Nguyen obtained the IP address that was used to download *Queen of the Desert*. Plaintiff has alleged facts that give rise to an inference that the account holder would have been aware of the infringing BitTorrent activities even if he did not initiate the download and that he materially contributed to the infringing activities by providing the internet access. While the inference that defendant Nguyen intentionally encouraged or promoted infringement by another is weak, it is a plausible alternate theory of liability as alleged.

For all of the foregoing reasons, defendant Nguyen's motion to dismiss or for more definite statement (Dkt. # 45) is DENIED.

Dated this 11th day of October, 2016.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge