1

Hon. Robert Lasnik

2

3

4

Motion date: December 23,2016

5

6

7        UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
8                  AT SEATTLE

9

10   QOTD film Investment, LTD                )      NO. 16-cv-371  RSL
                                              )
11          Plaintiff,                        )
                                              )      MOTION TO REQUIRE
12          v.                                )      QOTD TO POST A NON-
                                              )      RESIDENT  LITIGATION
13                                            )      BOND
     MARY STARR, et als                       )
14                                            )
                         Defendants.          )
     _____

15

16       **INTRODUCTION**

17

18

19          Defendant Sonny Nguyen ("NGUYEN") moves the Court for an order to require

20   Plaintiff   QOTD Film Investment Ltd. ("QOTD")   to post a non-resident litigation

21   security or cost bonds in an amount to allow NGUYEN to secure his costs and attorney

22   fees in this action. This is necessary in the event that this court dismisses the complaint

23   and  awards  NGUYEN costs and attorney fees.

24

25

26

27

MOTION TO REQUIRE QOTD                    1/8
TO POST A NON-RESIDENT
LITIGATION BOND

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle    WA 98165
(206)361-4840

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**BASIS OF MOTION**

Scott J. Kannady  attorney for QOTD in  <u>QOTD Film Investment Ltd v Doe 1 et al,</u> 16-cv-1366-WYD-MEH[1], in its complaint, page 1 filed  in the USDC for the district of Colorado on May 25,2016,  described QOTD  as:

*"a business organization organized in the United Kingdom"*

QOTD appears to  not even be a domestic corporation, but an off-shore entity. QOTD omitted describing its foreign domicile  in its complaints against NGUYEN.

Sonny Nguyen is innocent of infringement. He did not download *Queen of the Desert*. He doesn't even own his own computer. He has no knowledge of anyone who downloaded a movie from the internet using BitTorrent or any other means. Sonny Nguyen did not aid, direct, facilitate, benefit from or share in proceeds of any violation of the law by anyone. See Declaration of Non-Infringment attached.[2]

Given Nguyen's innocence he is likely to prevailing in this lawsuit.

**THE LAW**

A court may require a  non-resident or foreign plaintiff to  post a bond to cover costs and attorney fees that may be ordered should the defendant prevail.  The bond would

---

[1]  Attachment 1 <u>QOTD Film Investment Ltd v Doe 1 et al,</u> 16-cv-1366-WYD-MEH (ECF 1) USDC Colorado
[2]  Attachment 2. Nguyen declaration ECF No 77

MOTION TO REQUIRE QOTD
TO POST A NON-RESIDENT
LITIGATION BOND

2/8

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle   WA 98165
(206)361-4840

assure  a defendant would be able to enforce the court's order for costs and fees against an off-shore party having no local assets. <u>Patrick v Lynden Transport</u>, 765 P.2d 1375 (Alaska 1998). <u>Chagnon v Hofferman</u>, 230 Va 176, 333 S.E.2d 268 (1985).    Many U.S. District Courts have adopted local  rules for ordering security bonds.  It appears that the U.S. District Court for Western Washington has not adopted a local rule regulating  a non-resident or foreign entity cost or security bond.  But our local rule for civil procedure  65.1 describes the requirements of a surety bond in the event a bond is ordered.

In absence of a specific local rule, the federal court is free to exercise its discretion with respect to ordering an off-shore plaintiff to post a litigation bond.  Many federal district courts are guided by state practice or policies when considering litigation security bonds, according to specific nature of the case and an amount to assure compliance with possible  judgments including costs and attorney fees. <u>Atlanta Shipping Court v Chemical Bank</u> 818 F.2d 240 (2d cir 1987). <u>Aggarwal v Ponce School of Medicine</u>, 745 F.2d 723 (1st cir 1984).

Washington State RCW 4.84.210 provides such as guidance for this Court:

Security for costs.

When a plaintiff in an action, or in a garnishment or other proceeding, resides out of the county, or is a foreign corporation, or begins such action or proceeding as the assignee of some other person or of a firm or corporation, as to all causes of action sued upon, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant or garnishee defendant. When required, all proceedings in the action or proceeding shall be stayed until a bond, executed by two or more persons, or by

MOTION TO REQUIRE QOTD
TO POST A NON-RESIDENT
LITIGATION BOND

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle    WA 98165
(206)361-4840

a surety company authorized to do business in this state be filed with the clerk, conditioned that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action or proceeding, not exceeding the sum of two hundred dollars. A new or additional bond may be ordered by the court or judge, upon proof that the original bond is insufficient security, and proceedings in the action or proceeding stayed until such new or additional bond be executed and filed. The plaintiff may deposit with the clerk the sum of two hundred dollars in lieu of a bond. [ 1929 c 103 § 1; Code 1881 § 527; 1877 p 111 § 531; 1854 p 204 § 389; RRS § 495.].,

In White Coral Corp. v. Geyser Giant Clam Farms, LLC, 145 Wn. App. 862, 866, 189 P.3d 205 (2008) rev denied.(2009) a $125,000 non-residency bond was found reasonable to assure compliance with a court order.

## AMOUNT OF BOND IN THIS CASE

The amount of a surety bond should be reasonable but in an amount sufficient to cover defense costs and attorney fees   determined by the circumstance of the parties and nature of the case. The Court should consider the following:

a. This is a Copyright case. Plaintiff seeks from Mr. Nguyen statutory damages of up to $150,000, costs and attorney fees. Stakes are high for Mr. Nguyen.

b. QOTD relies upon identifying specific IP addresses using a witness residing in Germany, Mr.Daniel Macek, a consultant to Mavericeye UG,  ("MEU") a company organized in Germany.  Declaration of Daniel Macek  (ECF No. 6). Witness depositions will be very expensive for Mr. Nguyen.

MOTION TO REQUIRE QOTD
TO POST A NON-RESIDENT
LITIGATION BOND

4/8

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle    WA 98165
(206)361-4840

c. QOTD  describes using forensic and propriety technology by MEU for its investigation. There is no assurance that its technology passes the <u>Daubert test</u>  for accuracy and reliability, FRCP 702.  Reliability and accurancy are  not even alleged in the complaint.  Defense experts will be required to show how MEU, using its secret, proprietary system  has identified  so many persons innocent of infringement.

d. Sonny Nguyen is innocent.[1]  It appears from other dismissals, QOTD failed to properly investigate this case. Moreover, QOTD  bolstered its complaint with  an allegation of  perceived "Significant Bit Torrent Activity".  Because of this allegation, this Court denied dismissal  of  QOTD case against Nguyen  based on assigned IP address alone . (Judge Lasnik's Order, ECF No. 70).  Thereafter, NGUYEN through his attorneys has asked QOTD's  attorneys to produce:

> Details regarding "significant  BitTorrent activities in which defendant Nguyen IP address participated during the relevant period", specifically the date/times, hash # of the files and movie titles supporting your allegations of 'significant activity' which Judge Lasnik relies upon in his decision not to dismiss the complaint.

To date, QOTD attorney has <u>not</u> provided this simple information. This means that QOTD's allegations are still unsupported by reliable facts or Mr Lowe is unwilling to cooperate in an exchange of information that could settle this dispute. In other words, QOTD prefers to continue litigating this matter against an innocent non-infringer instead of resolving this matter.

---

[1] ATTACHMENT 2 Declaration of Nguyen, (ECF 77)

MOTION TO REQUIRE QOTD
TO POST A NON-RESIDENT
LITIGATION BOND

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle    WA 98165
(206)361-4840

d. The court should consider recent attorney and fee orders for  similar cases in the 9th circuit:

--Last year, USDC JudgeThomas O. Rice of the Eastern District of Washington ordered plaintiff to pay an innocent  defendant his costs and attorney fees in an amount greater than $100,000. The case  uses the same  investigator, Mr. Daniel Macek  and the same secret IP detecting system employed by MEU.  Mr. David Lowe, attorney for QOTD was also the attorney on that case.  Elf-man v Lamberson, 2:13-cv-00395  EDWA,( ECF No. 1100, filed Jan 9,2015)[1]

--Last week, December 2,2016 Federal Magistrate Judge Stacie Beckerman recommended a $ 17,500  award to an innocent defendant  in Cobbler-Nevada v Gonzales, 3:15-cv-00866-SB, D.Or.(ECF No. 51)[2]  The reasons for the judgment against plaintiff are amply described in her recommendations and worth considering for imposing a reasonable litigation bond in the case against Mr. Nguyen, particularly the vexatious practices by movie plaintiffs in so many of these cases.

 --Six months ago, (June 10,2016) the 9th Cir Court of appeals affirmed an order of sanctions against the attorneys in a series of copyright movie cases under Ingenuity 13 v Doe, 2:12-cv-8333-ODW-JC ( ECF No. 130) filed May 6,2013[3].  Of particular interest are

[1]  Attachment 3. Elf-man v Lamberson, 2:13-cv-00395  EDWA,( ECF No. 1100, filed Jan 9,2015)
[2]  Attachment 4. Cobbler-Nevada v Gonzales, 3:15-cv-00866-SB, D.Or.(ECF No. 51)

[3] Attachment 5 Ingenuity 13 v Doe, 2:12-cv-8333-ODW-JC ( ECF No. 130) filed May 6,2013

MOTION TO REQUIRE QOTD TO POST A NON-RESIDENT LITIGATION BOND

6/8

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle   WA 98165
(206)361-4840

the comments during oral arguments by Judge Harry Pregeron on the Appeals panel reviewing the court order imposing attorney fees, costs and other sanctons.  These comments can be reviewed on the Youtube channel for the 9th Cir.  <u>Paul Hansmeier Esq. v John Doe,</u> 13-55859, (9th Cir, May 4,2015).  Judge Pregeron describes the details of the business practices of attorneys representing off-shore movie companies suing individuals for copyright infringement of downloading seeded movies on BitTorrent.[1]

**CONCLUSION**

The above supports an order imposing a litigation bond of **no less than $150,000**, an amount consistent with recent awards against similarly situated vexatious plaintiffs cited herein. The amount is also consistent with  the innocence of the defendant Sonny Nguyen and that  QOTD is an off-shore company with no known assets in Washington State to respond to NGUYEN's damages, costs and attorney fees should this matter be dismissed.

The qualification of the surety should be ordered in accordance with our LCR 65.1 with the conditions expressed in RCW 4.84.210.

Respectfully submitted,, December 8, 2016

S/ Joe Chalverus
Joseph Chalverus
Attorney for Sonny Nguyen

---

[1]  https://www.youtube.com/watch?v=ObZDipKRH0c&t=2738s, starting at 20.40 mins.

MOTION TO REQUIRE QOTD
TO POST A NON-RESIDENT
LITIGATION BOND

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle   WA 98165
(206)361-4840

1

2

**CERTIFICATE OF SERVICE**

3

     I hereby certify that on this date, I electronically filed the forgoing with the Clerk for

4

the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all appearing parties in this matter.

5

December 8, 2016.

6

7

     <u>S// Joe Chalverus</u>
     Joseph Chalverus,13449

8

     Attorney for Sonny Nguyen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION TO REQUIRE QOTD
TO POST A NON-RESIDENT
LITIGATION BOND

8/8

Law Office of Joseph Chalverus
Lake City Law Center
P.O. Box 25050
Seattle   WA 98165
(206)361-4840