Honorable Robert S. Lasnik

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| QOTD FILM INVESTMENT LTD. | ) Case No.: 2:16-cv-00371-RSL |
| Plaintiff, | ) |
| vs. | ) BRIAN WILSON'S COUNTERCLAIM |
| | ) |
| BRIAN WILSON | ) Count 1 – Declaratory Judgment under the |
| | ) Single Satisfaction Rule |
| Defendants | ) |
| | ) Count 2 – Violation of Washington Consumer |
| | ) Protection Act |
| BRIAN WILSON | ) |
| Counterclaimant | ) |
| | ) |
| vs. | ) |
| | ) |
| QOTD FILM INVESTMENT LTD. | ) |
| Cross Defendant | ) |
| | ) |
| | ) |

COMES NOW, the Defendant, BRIAN WILSON ("Defendant", "Counterclainant" or "Wilson"), by and through its counsel of record, hereby counterclaims against Plaintiff QOTD FILM INVESTMENT LTD. ("QOTD" or Plaintiff") on the Second Amended Complaint ("SAC"):

WILSON'S COUNTERCLAIM

## Causes of Action – Count 1 – Declaratory Relief
## Failure to State a Claim Due to Prior Full Satisfaction by Prior Judgment

1. QOTD has sought to litigate numerous copyright actions regarding its film "Queen of the Desert". It is estimated that over 1,000 Defendants have been sued regarding this film regarding the alleged sharing of a single file using a Bittorent HASH with an identifier:

**896B438F8D8F7C433F4B88A24322B8763A3E9885**

On good faith and belief, these cases are as follows:

| | Party | Dist | Case # | | Open | Close | # Def |
|---|---|---|---|---|---|---|---|
| 1 | QOTD Film Investment Limited (pla) | azdce | 2:2016-cv-00407 | 820 | 2/12/2016 | 7/8/2016 | 30 |
| 2 | QOTD Film Investment Limited (pla) | azdce | 2:2016-cv-01021 | 820 | 4/12/2016 | 7/15/2016 | 26 |
| 3 | QOTD Film Investment Ltd (pla) | nvdce | 2:2016-cv-00928 | 820 | 4/24/2016 | | 30 |
| 4 | QOTD Film Investment Ltd (pla) | nvdce | 2:2016-cv-00929 | 820 | 4/24/2016 | 6/29/2016 | 37 |
| 5 | QOTD Film Investment LTD. (pla) | casdce | 3:2016-cv-00749 | 820 | 3/30/2016 | 10/4/2016 | 399 |
| 6 | QOTD Film Investment LTD. (pla) | casdce | 3:2016-cv-00756 | 820 | 3/31/2016 | | 69 |
| 7 | QOTD Film Investment LTD. (pla) | casdce | 3:2016-cv-00759 | 820 | 3/31/2016 | | 121 |
| 8 | QOTD Film Investment LTD. (pla) | casdce | 3:2016-cv-00773 | 820 | 4/1/2016 | 9/27/2016 | 82 |
| 9 | QOTD Film Investment LTD. (pla) | casdce | 3:2016-cv-00926 | 820 | 4/18/2016 | | 6 |
| 10 | QOTD Film Investment Ltd. (pla) | codce | 1:2016-cv-01260 | 820 | 5/25/2016 | 9/12/2016 | 12 |
| 11 | QOTD Film Investment Ltd. (pla) | codce | 1:2016-cv-01300 | 820 | 5/27/2016 | 9/22/2016 | 12 |
| 12 | QOTD Film Investment Ltd. (pla) | codce | 1:2016-cv-01366 | 820 | 6/7/2016 | 9/12/2016 | 25 |
| 13 | QOTD Film Investment LTD. (pla) | flmdce | 8:2016-cv-00628 | 820 | 3/16/2016 | 8/12/2016 | 1 |
| 14 | QOTD Film Investment LTD. (pla) | flmdce | 8:2016-cv-00627 | 820 | 3/16/2016 | 8/1/2016 | 1 |
| 15 | QOTD Film Investment LTD. (pla) | flmdce | 8:2016-cv-00629 | 820 | 3/16/2016 | 8/30/2016 | 1 |
| 16 | QOTD Film Investment LTD. (pla) | flmdce | 8:2016-cv-00631 | 820 | 3/16/2016 | 11/1/2016 | 1 |
| 17 | QOTD Film Investment LTD. (pla) | flmdce | 8:2016-cv-00630 | 820 | 3/16/2016 | 7/5/2016 | 1 |
| 18 | QOTD Film Investment LTD. (pla) | flmdce | 6:2016-cv-00453 | 820 | 3/17/2016 | 6/22/2016 | 1 |
| 19 | QOTD Film Investment LTD. (pla) | ilndce | 1:2016-cv-02457 | 820 | 2/22/2016 | 10/25/2016 | 33 |
| 20 | QOTD Film Investment LTD. (pla) | ilndce | 1:2016-cv-02458 | 820 | 2/22/2016 | 11/3/2016 | 24 |
| 21 | QOTD Film Investment Ltd. (pla) | ilndce | 1:2016-cv-02461 | 820 | 2/22/2016 | 8/2/2016 | 14 |
| 22 | QOTD Film Investment Ltd. (pla) | ilndce | 1:2016-cv-02462 | 820 | 2/22/2016 | 12/2/2016 | 28 |
| 23 | QOTD Film Investment Ltd. (pla) | ilndce | 1:2016-cv-02464 | 820 | 2/22/2016 | 6/22/2016 | 15 |
| 24 | QOTD Film Investment LTD. (pla) | ilndce | 1:2016-cv-02466 | 820 | 2/22/2016 | 10/20/2016 | 17 |
| 25 | QOTD Film Investment Ltd. (pla) | nyedce | 1:2016-cv-00925 | 820 | 2/24/2016 | 9/9/2016 | 10 |
| 26 | QOTD Film Investment Ltd. (pla) | nysdce | 1:2016-cv-01902 | 820 | 3/14/2016 | 9/7/2016 | 7 |
| 27 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-00246 | 820 | 2/10/2016 | 6/21/2016 | 7 |
| 28 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-00523 | 820 | 3/27/2016 | 7/13/2016 | 1 |
| 29 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-00524 | 820 | 3/27/2016 | 8/29/2016 | 1 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 30 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-00525 | 820 | 3/27/2016 | 1 |
| 31 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-00715 | 820 | 4/26/2016 | 1 |
| 32 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-00927 | 820 | 5/26/2016 | 1 |
| 33 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-00930 | 820 | 5/26/2016 11/22/2016 | 1 |
| 34 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-01081 | 820 | 6/14/2016 | 1 |
| 35 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-01408 | 820 | 7/11/2016 10/26/2016 | 1 |
| 36 | QOTD Film Investment Ltd. (pla) | ordce | 3:2016-cv-01628 | 820 | 8/12/2016 11/28/2016 | 1 |
| 37 | QOTD Film Investment Ltd. (cd) | wawdce | 2:2016-cv-00371 | 820 | 3/11/2016 | 14 |
| 39 | QOTD Film Investment, Ltd (pla) | laedce | 2:2016-cv-02588 | 820 | 3/30/2016 9/27/2016 | 1 |
| 40 | QOTD Film Investment, Ltd (pla) | laedce | 2:2016-cv-02803 | 820 | 4/5/2016 | 1 |
| 41 | QOTD Film Investment, Ltd (pla) | miedce | 2:2016-cv-11274 | 820 | 4/7/2016  9/14/2016 | 21 |
| 42 | QOTD Film Investment, Ltd (pla) | miedce | 2:2016-cv-11275 | 820 | 4/7/2016  9/14/2016 | 18 |
| 43 | QOTD Film Investment, Ltd. (pla) | hidce | 1:2016-cv-00189 | 820 | 4/22/2016 9/6/2016 | 9 |
| | | | | | Total: | 1053 |

2.  According to PACER, defendants have fully satisfied the judgment for this particular BITTORRENT HASH.  These are:

    a. In the United States District Court for the Eastern District of Louisiana, in the matter of QOTD FILM INVESTMENT, LTD vs. DOE 71.81.49.137, No. 16-2588 (E.D. LA) in which the Defendant paid QOTD $ 10,000.00 and the case was dismissed with prejudice.

    b. In the United States District Court for the District of Oregon, in the matter of CRIMINAL PRODUCTIONS, INC., et. al  vs. MARK T FERGUSON, No. 16-01628 (D. OR) in which the Defendant paid QOTD $ 2,000.00 and the case was dismissed with prejudice.

3.  It is unknown at this time what other sums were paid by the 1053 defendants in this Bittorrent hash with the understanding that the claim was fully satisfied and the litigation could not be relitigated.

4.  Plaintiff was well aware, a long time ago, that the actual and statutory damages for this particular bittorrent hash were satisfied under the "single satisfaction rule".  17 U.S.C 504; *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 313 (S.D.N.Y. 2011).

5.  Plaintiff also failed to join all downstream bittorrent  infringers for a single bittorent hash is required in this Circuit under *Friedman v. Live Nation Merch., Inc.* 14-55302 (9th Cir., 2016).

WILSON'S COUNTERCLAIM

6. Plaintiffs failure to join and complete satisfaction of all actual and statutory damages is a complete bar to a claim for copyright infringement in this action.

## Causes of Action – Count 2 – Violation of Washington Consumer Protection Act
## Suit for Damages after Full Satisfaction of Judgment

7. Paragraphs are incorporated and realleged by reference.

8. As noted above, Plaintiff's claim for infringement on this Bittorrent Hash has been completely satisfied a long time ago.

9. Despite this, Plaintiff continued to pursue additional damages awards for the same bittorrent hash.

10. Also, Plaintiff knew via the allegedly accurate "bittorrent monitoring system", the IP addresses for all individuals associated with this "bittorrent swarm".  Plaintiff was required to join all parties in one matter.  If a court did not have personal jurisdiction, then Plaintiff could have sought coordination with Multi District Litigation.

11.  Instead, Plaintiff piecemealed this litigation across multiple districts with local attorneys in those districts with the intent of recovering multiple times.

12. This "double" or "triple" dipping on the same bittorrent hash, is not allowable under the Copyright Act, and is therefore a clear violation of statute under the Washington's Consumer Protection Act, RCW 19.86.  Plaintiff has knowingly violated the five "Hangman" factors, see *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 719 P.2d 531 (Wash., 1986):

   (a) Plaintiff's engaged in an unfair practice by bringing multiple suits on the same bittorent hash even after fall satisfaction of the claim;

WILSON'S COUNTERCLAIM

(b) This occurred via the distribution of Plaintiff's movie in trade and commerce over the internet

(c) This practice clearly affects the public interest insofar that over 1,000 putative defendants (minus the one that paid up) were improperly sued;

(d) This practice has resulted in inequitable disgorgement of settlement monies beyond those of the first settlement;

(e) Plaintiff, itself and/or through its agent, has caused this damage.

13. This claim under RCW 19.86 is also suitable for class certification under FRCP 23:

(a) The class members exceed 1,000 individuals;

(b) The issue of the single satisfaction rule is common to all class members;

(c) It is likely that the Plaintiff will assert a common claim and/or defense;

(d) Wilson is the most suitable class representative as he has an active matter with this Court.

## DEFENDANT'S PRAYER FOR RELIEF

Wilson respectfully prays that judgment entered as follows on counter-claim for declaratory judgment (Count 1):

A. Plaintiff's claims for infringement be denied in their entirety and take nothing in view of the prior satisfaction of the judgment;

B. Wilson is the prevailing party under the Copyright Act due to the clear material alteration in the relationship of the parties

C. Wilson be entitled to statutory attorney fees under the Copyright Act;

D. Wilson be entitled to costs of suit; and

E. Wilson be entitled to any other relief that this Court may allow.

WILSON'S COUNTERCLAIM

Wilson also respectfully prays that judgment entered as follows on the cross claims under R.C.W 19.86:

F. QOTD has engaged in an unfair or deceptive act under RCW 19.86 by collecting multiple recoveries on the same bittorrent hash;

G. QOTD improper suit against Wilson has caused harm, *inter alia*, hiring an attorney to analyze this claim and to analyze all claims related to this Bittorrent hash;

H. That Wilson be named class representative under FRCP 23;

I. Wilson is entitled to all relief as entitled under RCW 19.86.030, including, but not limited to actual damages, treble damages, and attorney fees.

Respectfully submitted,

Dated: January 1, 2017        /s/ J. Curtis Edmondson
                              J. Curtis Edmondson, P.E. (WA SBN 43795)
                              Law Offices of J. Curtis Edmondson, PLLC
                              Heritage Bldg, 601 Main Street, Suite 210
                              Vancouver, WA 98660
                              ph: (360)539-5090
                              jcedmondson@edmolaw.com
                              www.edmolaw.com

WILSON'S COUNTERCLAIM

**CERTIFICATE OF SERVICE**

I hereby certify that I served the attached BRIAN WILSON'S COUNTERCLAIM on the following person(s) on the date indicated below:

David Allen Lowe
Lowe Graham jones
701 5th Ave., Suite 4800
Seattle, WA 98104-7009

by notice of electronic filing using the CM/ECF system

/s/ J. Curtis Edmondson
DATED: January 1, 2017

WILSON'S COUNTERCLAIM