Honorable Robert S. Lasnik

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

QOTD FILM INVESTMENT LTD.,

10

Plaintiff,

11

v.

12

BRIAN WILSON, an individual

13

Defendant.

Civil Action No. 16-cv-0371RSL

MOTION FOR RULE 12(c) JUDGMENT
ON THE PLEADINGS

NOTE ON MOTION CALENDAR:
January 27, 2016

14
15

## I.    INTRODUCTION

16      Plaintiff QOTD Film Investment Ltd. respectfully moves for judgment on the pleadings on

17 its claim for copyright infringement against Defendant Brian Wilson as well as to dismiss

18 Mr. Wilson's counterclaims for declaratory judgment under the "single satisfaction rule" and

19 violation of the Washington Consumer Protection Act. If granted, Plaintiffs moves for relief

20 pursuant to the Copyright Act, including for permanent injunctive relief, statutory damages and

21 for an award of attorney's fees and costs.

22      This Rule 12(c) motion is based upon all pleadings, records and papers on file in this action,

23 such matters of which this Court may take judicial notice, and upon such other evidence and oral

24 argument as may be considered by the Court before or at the hearing on this motion. Declarations

25 of David A. Lowe and Brian Bodine and exhibits to these declarations are provided solely to

26

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

support the relief sought should the motion be granted, but are not relied upon in seeking judgment as a matter of law on the pleadings.

## II.   RELEVANT PLEADINGS

After receiving Internet Service Provider (ISP) information identifying subscribers, Plaintiff filed a first amended complaint naming subscribers on July 8, 2016. (Dkt. 16) One of the named Does was Judy Rushing, a subscriber identified by the ISP. Plaintiff promptly effected service of the summons and compliant on July 19, 2016. (Dkt. 20)

Defendant Rushing filed an answer and counterclaim on August 8, 2016. (Dkt. 27) Noteworthy, while refusing to provide identification for her adult son, Ms. Rushing admitted in her answer that her son was responsible for the infringement, but failed to identify him:

> Rushing told RS about the notice. **RS admitted downloading the film**, but did not understand the implications of downloading. Rushing the told RS not to download movies and on good faith and belief RS has ceased downloading, but it is his computer and Rushing does not have control over property that he owns.

(Dkt. 27, ¶ 53) (emphasis added)

Once Plaintiff learned the identity of Ms. Rushing's adult son, Plaintiff filed a motion to substitute the admitted responsible party, Brian Wilson. The Court granted Plaintiff's motion on October 21, 2016 over Defendant's opposition, finding that Ms. Rushing's "procedural and fairness concerns [were] wholly unfounded." (Dkt. 71)

Plaintiff promptly filed a second amended complaint on October 26, 2016, naming adult son Brian Wilson as the party responsible for the copyright infringement. (Dkt. 72) Plaintiff specifically alleged the following in its complaint regarding Defendant's liability:

> Upon information and belief, each Defendant copied and distributed Plaintiff's copyrighted motion picture *Queen of the Desert*.

(Dkt. 72, ¶ 10)

> ISP Comcast assigned the IP address 67.182.133.74 to Doe 2, Judy Rushing, 916 Hanford Ave, Bremerton, WA 98310, for a period of time, including but not limited to 2016-02-21 15:34:47 UTC, and Defendant's IP address was observed

MOTION FOR JUDGMENT ON THE PLEADINGS - 2
Civil Action No. 16-cv-0371RSL
INIP-6-0031P49 MJP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

infringing Plaintiff's motion picture at that time. ***Rushing has identified Defendant Brian Wilson, an adult son residing at the residence and with access to the IP address during the relevant period of time, as the party admitting to and responsible for the infringement.*** On information and belief, Defendant resides at the noted location. (See Dkt. 27 ¶ 53)

(Dkt. 72, ¶ 18) (emphasis added) The second amended complaint was served on Defendant November 17, 2016, (Dkt. 74), making his answer due by December 8, 2016. Defendant filed an answer and counterclaims on Sunday, January 1, 2017. (Dkts. 81-82)

In his January 1, 2017 answer, Mr. Wilson failed to deny the specific allegations that he was responsible for copyright infringement. (Dkt. 81, ¶¶ 5, 6)

Plaintiff answered the counterclaims on January 4, 2017. (Dkt. 84)

The only other defendant remaining in this case after the second amended complaint was dismissed by stipulation on December 16, 2016. (Dkt. 80)

## III.    ARGUMENT

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-979 (9th Cir. 1999). A court does not err in considering documents incorporated by reference to the pleadings or taking judicial notice of matters of public record. *See In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012)

### A.    PLAINTIFF IS ENTITLED TO JUDGMENT ON THE CLAIM OF COPYRIGHT INFRINGEMENT

To prevail on a copyright infringement claim a plaintiff must establish (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003).

As to element (1), the Certificate of Registration filed in this case (Dkt. 1-1) presumptively establishes Plaintiff's ownership of the infringed work. 17 U.S.C. § 410(c). As to element (2), in his January 1, 2017 answer, Defendant failed to deny the specific allegations that he was responsible

MOTION FOR JUDGMENT ON THE PLEADINGS - 3
Civil Action No. 16-cv-0371RSL
INIP-6-0031P49 MJP

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

for copyright infringement. (Dkt. 81, ¶¶ 5, 6) Pursuant to Fed. R. Civ. Proc. 8(b)(6), any allegation in the complaint (other than relating to the amount of damages) not denied is deemed admitted. *Frank v. Wilbur-Ellis Co.* Salaried *Emples. Ltd Plan*, 2008 U.S. Dist. LEXIS 83127, 10-11 (E.D. Cal. 2008); *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180 F.R.D. 332, 334 (N.D. Ill. 1998) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."). In short, Defendant does not deny—and has in fact admitted—infringement. Accordingly, Defendants' copyright infringement has been conclusively established by the pleadings alone.

**B.    PLAINTIFF IS ENTITLED TO JUDGMENT ON DEFENDANTS' COUNTERCLAIMS**

Both of Defendant's counterclaims are based on sheer speculation and an erroneous reading and application of the law, are utterly futile and should be dismissed as a matter of law.

### 1.    The "single satisfaction rule" is inapplicable in this case

The law is crystal clear on this point. Section 504(c)(1) of the Act provides that statutory damages may be awarded "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . ." Thus, when statutory damages are assessed against either (1) one defendant, or (2) a group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work. *Columbia Pictures Tv v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997). Here, there is no allegation that Defendant is "jointly and severally" liable for the separate acts of infringement committed by any other party in any other case involving the same motion picture or even HASH of that motion picture. Accordingly, under the unambiguous ruling of *Columbia*, the statutory damage is assessed against only (1) one defendant, Mr. Wilson, separately from any other defendant in any other case. There is no "single satisfaction rule" in this case.

MOTION FOR JUDGMENT ON THE PLEADINGS - 4
Civil Action No. 16-cv-0371RSL
INIP-6-0031P49 MJP

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Defendant cites *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 313 (S.D.N.Y. 2011) for the proposition that because of other alleged resolution of separate claims against separate defendants for infringement of the same title (and HASH), Plaintiff cannot recover statutory damages from Defendant. Defendant misreads *Arista*, which is inapplicable in this case, and ignores binding Ninth Circuit precedent, which controls the present situation and confirms that the "single satisfaction rule" does not apply. In *Arista*, a record company sued the maker of an online file-sharing program that allowed users to download recordings and thereby make them available for peer-to-peer sharing. The plaintiffs identified "approximately 11,000 sound recordings that they allege[d] have been infringed through the LimeWire system." *Id*. at 315. Relying on *Columbia*, and a copyright treatise hypothetical, plaintiffs argued that they were entitled to recover separate statutory damage awards for each downstream infringer—i.e., sharer—of each infringed work, ***jointly and severally*** from defendant. The court rejected that position *because plaintiff was attempting to hold the record company jointly and severally liable for the infringement committed by downstream users*. *Arista*, 784 F. Supp. at 317. Again, that is not this case, or any of the cases cited by Defendants involving this title in other jurisdictions. Here, we have a single defendant that named and separately found liability for a separate act of infringement. Under Section 504(c)(1), for each similarly situated individual named defendant, Plaintiff is entitled to recover a separate statutory damage.

This conclusion was recently confirmed again by the Ninth Circuit in a case cited incorrectly cited by Defendant it his counterclaim, *Friedman v. Live Nation Merch., Inc*., 833 F.3d 1180, 1191 (9th Cir. 2016). In Friedman, the Ninth Circuit clearly explained the difference apparently lost on Defendant:

> Our holding in *Columbia Pictures* was explicitly premised on the fact that each of the downstream infringers for whom the plaintiff received a separate damages award was a defendant in the case. Before the question of damages was raised, those parties had already been adjudicated liable for infringement, and jointly and severally liable with another infringer. That is not true in this case. Here, Friedman first asserted that there were 104 downstream infringers only after the question of Live Nation's liability for its own infringement had been resolved, not having named any of those downstream infringers as defendants in the case.

MOTION FOR JUDGMENT ON THE PLEADINGS - 5
Civil Action No. 16-cv-0371RSL
INIP-6-0031P49 MJP

LOWE GRAHAM JONES™

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*Columbia Pictures's* emphasis on the status of the downstream infringers as defendants is grounded in the language of the statute. Section 504(c)(1) provides for "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally . . . ." 17 U.S.C. § 504(c)(1) (emphasis added). Any downstream infringements cannot be "involved in the action" *unless the alleged infringers responsible for those infringements were joined as defendants in the case, and the particular alleged infringements involving them adjudicated*.

This interpretation is supported by the legislative history on which *Columbia Pictures* relied, which explains that 'where separate infringements for which two or more defendants are not jointly liable are joined in the same action, separate awards of statutory damages would *be* appropriate.' H.R. Rep. No. 94-1476, 94th Cong., 2d Sess., at 162 (emphasis added). Congress did not, therefore, intend for courts, in determining the amount of damages, to engage in an entirely separate adjudication as to the liability of a large group of people not parties to the case, with respect to separate infringing acts not involved in the action. To the contrary, the situation Congress contemplated was one like that in *Columbia Pictures*, in which each jointly and severally liable pair of infringers was "joined in the same action" and liable for the same infringements.

*Friedman*, 833 F.3d at 1190.

Accordingly, the law is clear and well settled that "where separate infringements for which two or more defendants are not jointly liable are joined in the same action, separate awards of statutory damages would be appropriate." *Id*. The precise situation in the instant case was discussed by the *Friedman* Court by citation to a prominent treatise hypothetical:

If each *defendant* is liable for only one of the several infringements that are the subject of the lawsuit, then each *defendant* will be liable for a separate set of statutory damages (each with its own minimum). Suppose, for example, a single complaint alleges infringements of the public performance right in a motion picture against A, B, and C, each of whom owns and operates her own motion picture theater, and each of whom, without authority, publicly performed plaintiff's motion picture. If A, B, and C have no relationship with one another, there is no joint or several liability as between them, so that each is liable for at least a minimum $750 statutory damage award.

Again, here, each defendant in this case, as well as any other case in the country brought by Plaintiff for copyright infringement of the same motion picture, and even the same HASH, is separately named and accused of a separate act of infringement, and is not jointly and severally liable for the infringement of

MOTION FOR JUDGMENT ON THE PLEADINGS - 6

Civil Action No. 16-cv-0371RSL

INIP-6-0031P49 MJP

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 ● F: 206.381.3301

others. Accordingly, Plaintiff is entitled to a separate statutory damage award against Defendant in this case irrespective of what may have happened with any other defendant in any other case.[1] As a matter of law, Defendants' counterclaim is futile and fails to state a claim, and should be dismissed.

### 2.     Defendant's Consumer Protection Act claim fails for the same reason

Because the sole basis for Defendant's CPA claim, RCW 19.86, is that Plaintiff has violated a "single satisfaction rule," this counterclaim necessarily fails for the same reason outlined above. Simply put, Plaintiff has not "engaged in an unfair practice by bringing multiple suits on the same bittorent hash even after fall satisfaction of the claim" (Dkt. 82, ¶ 12) because, as noted above, each defendant is a separate cause of action entitled to a separate resolution, which may include a separate statutory damage award for those found liable for copyright infringement. Accordingly, Defendant's separate counterclaim fails along with the first.[2]

### C.     AMENDMENT TO THE PLEADINGS WOULD BE FUTILE

Judgment on the pleadings is particularly warranted in this case because there is no possible amendment to the pleadings that could change the outcome ***because Defendant had admitted the copyright infringement***. Defendants' mother, Ms. Rushing, affirmatively stated in her answer that Defendant admitted to the infringement:

> Rushing told RS about the notice. ***RS admitted downloading the film***, but did not understand the implications of downloading. Rushing the told RS not to download movies and on good faith and belief RS has ceased downloading, but it is his computer and Rushing does not have control over property that he owns.

---

[1] Given the clarity of the law on this issue there is no factual dispute and it matters not that Defendants' factual allegations are wholly inadequate to support the claim. There is no credible evidence that Plaintiff's claim has been satisfied. Indeed, Defendant can only speculate on whether other cases in fact involved the same HASH of the motion picture, whether or how they were resolved, whether Plaintiff made any record and the amount of any such recovery. Defendant also has no basis to articular what a "joint and several" liability amount would be for the collective group in any such case. Indeed, if willfulness was found and the statutory damage set for $150,000, the combined awards may not exceed that amount, even with an award against Defendant.

[2] Defendants' wildly speculate that "Plaintiff was required to join all parties in one matter." If a court did not have personal jurisdiction, then Plaintiff could have sought coordination with Multi District Litigation." Defendant utterly fails to provide any legal support for his assertion, and this argument forms no basis of the second counterclaim. Likewise, Defendant has no basis for urging creation of a class based on the "single satisfaction rule." As outlined above, that does not apply to this situation or this case.

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

(Dkt. 27, ¶ 53) (emphasis added) This is an admission against interest in this case, which Defendant cannot controvert, even in an amended pleading

## D.    REMEDIES UPON SUCCESSFUL JUDGMENT ON THE PLEADINGS

Should its motion prevail, Plaintiff respectfully requests the following alternative and cumulative relief: (a) permanent injunctive relief; (b) statutory damages sufficient to compensate Plaintiff and deter future infringement; and (c) attorneys' fees and costs

### 1.    *Injunctive relief is appropriate to prevent continued infringement*

17 U.S.C. § 502(a) authorizes an injunction to "prevent or restrain infringement of a copyright." Defendant has admitted liability for infringement in the instant action and possesses the means to continue infringement in the future, meeting court requirements for issuing such an injunction. *Sega Enterprises Ltd. v. MAPHIA*, 948 F. Supp. 923, 940 (N.D. Cal. 1996); *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations.") Section § 503(b) authorizes the "destruction or other reasonable disposition" of all copies made or used in violation of the copyright owner's exclusive rights. Therefore, Plaintiff is entitled to and requests injunctive relief.

### 2.    *Statutory damages are proper and should be of a sum sufficient to deter others*

It is sometimes lost on review of copyright enforcement actions that at the heart of this case is the injury suffered by Plaintiff. In the present case, the motion picture *Queen of the Desert* contains the work of numerous actors, actresses and others who invested their own time and money to bring their motion picture to fruition. The result of the piracy by Defendant and others is not only the loss of a few sales of tickets or DVD's, but the erosion of an entire industry impacting countless people that contribute to the final product as Plaintiff and parties like Plaintiff endure losses in the billions of dollars.[3]

That said, given the nature of this particular case, Plaintiff elects instead statutory damages for purposes of its present motion. 17 U.S.C. § 504(c)(1). "[S]tatutory damages are recoverable without

---

[3] Projected 2015 digitally piracy value between $80-$240 billion. http://www.iccwbo.org/Advocacy-Codes-and-Rules/BASCAP/BASCAP-Research/Economicimpact/Global-Impacts-Study/ (Ref. June 1, 2015)

MOTION FOR JUDGMENT ON THE PLEADINGS - 8
Civil Action No. 16-cv-0371RSL
INIP-6-0031P49 MJP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 Fed. Appx. 10, 11 (9th Cir. 2009), *cert. den.* 130 S. Ct. 2405 (2010); 17 U.S.C. § 504(a). The Supreme Court has held that an award of statutory damages within the limits prescribed by Congress is appropriate "even for uninjurious and unprofitable invasions of copyright." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233 (1952). The Copyright Act specifically provides for statutory damages not less than $750 or more than $30,000, increased up to $150,000 for willful infringement. Statutory damages "serve both compensatory and punitive purposes" so as "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1554 (9th Cir. 1989).

The damages available in copyright claims are specifically designed to overcome their speculative nature or the need of a plaintiff to prove actual economic damages. But more importantly, the Copyright Act statutory damages have a specific focus on public harm and deterrence due to the prevalence and disregard of the greater harm caused. As noted by Senator Levin in Congressional hearings on peer-to-peer Internet piracy:

> In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines. In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it equivalent to jaywalking—illegal but no big deal. But it is a big deal. Under U.S. law, stealing intellectual property is just that—stealing. It hurts artists, the music industry, the movie industry, and others involved in creative work. And it is unfortunate that the software being 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm. (Senate Hrg. 108-275, 9/30/03)

To deny or minimize statutory damages would thwart the intent of Congress for increased penalties to act as a deterrent, perpetuating the notion that online theft is as much a right as many parties seem to believe. *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 500 (1st Cir. 2011), *cert. denied* (2012) ("many infringers do not consider the current copyright infringement penalties a real threat and continue infringing, even after a copyright owner puts them on notice. . .") Unless

LOWE GRAHAM JONES™

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

a willful and persistent infringer who repeatedly disregards notices is subjected to more than the absolute minimum, infringers and the public as a whole will not appreciate the significance of Plaintiff's claims or even these judicial proceedings. The record before the Court is that awards of minimum damages have had little impact and, if anything, have been used to minimize the significance of the harm caused by similarly situated defendants. Even the BitTorrent advocates encouraging infringement have **mocked awards of minimum damages and actually encourage defendants to disregard court summons and to take default judgments!** See Lowe Ex. C.

Accordingly, Plaintiff respectfully urges the Court to consider these factors when setting the statutory damage award. This is necessary to respond to those urging continued infringement, to motivate Defendant and other potential infringers to respect both Plaintiff's rights and the legal process, to effect the statutory intent of the Copyright Act, and to compensate the very real injury and needs of Plaintiff and film industry. *See, e.g., Salyer v. Hotels Com GP, LLC*, 2015 U.S. Dist. LEXIS 82171, 3-4 (W.D. Wash. 2015) ($3,000 for photo infringement); BitTorrent cases: *Modern Jug Face, LLC v. Wright*, 2015 U.S. Dist. LEXIS 119884, 6-7 (S.D. Ohio 2015) ($6,000); *Bait Prods. PTY Ltd. v. Aguilar*, 2013 U.S. Dist. LEXIS 148909, *17 (M.D. Fla. 2013) ($6,000). See default judgment orders in similar BitTorrent cases over the last year alone where the courts have awarded between $2,250 and $15,000 in statutory damages. (Lowe Dec. ¶ 10 & Ex. D)

Nevertheless, Plaintiff recognizes that to date, and in the default judgment situations in this case, the Court has awarded only the $750 minimum statutory damages, and for purposes of relief in this case Plaintiff accepts this amount if deemed appropriate by the Court.

### 3.     *Reasonable attorney's fees and costs should be awarded*

Plaintiff seeks attorney fees under 17 U.S.C. § 505, which is proper and within the Court's discretion. *Frank Music*, 886 F.2d at 1556. District courts should consider the following nonexclusive factors in determining an award of attorney's fees: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need to advance considerations of compensation and deterrence. *Love v. Associated Newspapers,*

*Ltd.,* 611 F.3d 601, 614 (9th Cir. 2010). In the present case, assuming it prevails on its motion for judgment on the pleadings, Plaintiff's success is complete. The claims are not frivolous. Plaintiff's motivation is to enforce its rights. The position of Defendant is deemed objectively unreasonable given the admitted infringement and their failure to advance any factual or legal arguments against Plaintiff's claims. *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U. S. ___ (No. 15-375, June 16, 2016). Additionally, there is an express intent of the statute for costs and fees for the infringement such as conducted by Defendant. While the time on this case as a whole is far in excess of that submitted, attorney's fees sought <u>have been specifically limited to the costs and time spent for this particular claim</u>, and notably less than had Plaintiff not joined the several Defendants. Attorney's fees and actual costs are verified in the accompanying declaration of counsel. (Lowe Dec. ¶¶ 1-10)

Plaintiff's counsel has reduced its normal hourly rate for the BitTorrent cases to $450, which it submits is reasonable in these cases, along with $145/hour for its legal assistant. Plaintiff submits the following evidence that the requested rate is at or below the prevailing market rate for this community:

- 2014 (most recent) hourly rate data shows average "other west" (not LA or San Francisco) rate for work at $411/hour and median at $400/hour for partners. (Lowe Ex. A)

- $450/hour has recently been confirmed as typical and within the range awarded by Courts for litigation counsel in Western Washington. (See Bodine Declaration, ¶¶ 2-8, originally filed in another case);

- Other cases in this jurisdiction have confirmed $450 to be a prevailing market rate. *E.g., BWP Media USA Inc. v. Rich Kids Clothing Company LLC,* No. 13-cv-1975 (W.D. Wash 2015) ($450 per hour local rate); *Getty Images (US), Inc. v. Virtual Clinics,* 2014 U.S. Dist. LEXIS 60935 (W.D. Wash. 2014) ($465 per hour for experienced partner); *Little Genie Prods. LLC v. PHSI Inc.*, 2014 U.S. Dist. LEXIS 91089, 27-28 (W.D. Wash. 2014) ($420 per hour).

- Other BitTorrent cases in this jurisdiction have confirmed $450 to be a prevailing market rate. *See, e.g., Cobbler v. Does*, 16-cv-1616TSZ, Dkt. 116 ¶ 11.

Plaintiff respectfully submits that this rate is justified by litigation experience and the complexities involved with copyrights in general and BitTorrent technology specifically, and should not

MOTION FOR JUDGMENT ON THE PLEADINGS - 11
Civil Action No. 16-cv-0371RSL
INIP-6-0031P49 MJP

LOWE GRAHAM JONES℠

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

be modified. Plaintiff recognizes that in this case the Court previously concluded in the default judgment stage that "[a]t this point, form filings and standardized procedures are the norm, and the Court will reduce counsel's hourly rate to $350 per hour." Plaintiff respectfully submits that the present situation should lead to a different result because (1) Plaintiff submits evidence that counsel's already reduced rate of $450/hour is reasonable and at or below the prevailing market rate for this community; and (2) the stage of this litigation is materially different from that of the default judgment cases, given that considerable substantive legal work has been conducted, including opposing motions to dismiss, moving to substitute and amend the complaint, and bringing the present motion for judgment on the pleadings on copyright infringement as well as the substantive legal counterclaims asserted by Defendant. Accordingly, Plaintiff submits that the total hours billed on this case represents efficient and effective case management, and should be awarded at the requested prevailing market rate.

This case literally cries for an award of Plaintiff's full attorney's fees and costs. Indeed, it is clear that much of the work required in this case has been the direct result of Defendant's and his counsel's effort to obstruct Plaintiff's prosecution of this case. As outlined in part in prior pleadings in this case, (Dkt. 48; 68 pp. 1-3), Defendants' mother, Ms. Rushing, colluding together with her counsel (and likely her adult son, the admitted infringer), went to great lengths to hide the identity of Defendant until after she had filed pleadings. She refused to voluntarily agree to substitute her adult son, even while stating that he admitted to the infringement, forcing Plaintiff to move to substitute. This case is a prime example of bad faith litigation on the part of Defendant and his counsel, seeking to prolong the case and force Plaintiff to expend resources—even when liability has been admitted. Accordingly, Plaintiff respectfully requests an award of its reasonable attorney's fees and costs, as set out in the accompanying declaration.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully urged the Court to GRANT its motion for judgment on the pleadings and order the relief requested above.

MOTION FOR JUDGMENT ON THE PLEADINGS - 12
Civil Action No. 16-cv-0371RSL
INIP-6-0031P49 MJP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1

RESPECTFULLY SUBMITTED this 4th day of January, 2016.

2

s/David A. Lowe, WSBA No. 24,453

3

Lowe@LoweGrahamJones.com

LOWE GRAHAM JONES PLLC

4

701 Fifth Avenue, Suite 4800

Seattle, WA 98104

5

T: 206.381.3300

6

Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION FOR JUDGMENT ON THE PLEADINGS - 13

Civil Action No. 16-cv-0371RSL

INIP-6-0031P49 MJP

1

2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

s/ David A. Lowe

MOTION FOR JUDGMENT ON THE PLEADINGS - 14
Civil Action No. 16-cv-0371RSL

INIP-6-0031P49 MJP

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301