UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QOTD FILM INVESTMENT, LTD,

    Plaintiff,

    v.

BRIAN WILSON, *et al.*,

    Defendants.

Case No. C16-0371RSL

ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

    This matter comes before the Court on plaintiff's "Motion for Rule 12(c) Judgment on the Pleadings." Dkt. # 85. "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990). The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion for failure to state a claim: "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." Id. The Court is not required to accept as true legal conclusions or formulaic recitations of the elements of a cause of action unsupported by alleged facts. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When considering a motion for judgment on the pleadings, a court may consider material which is properly submitted as part of the

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 1

complaint without converting the motion into a motion for summary judgment. See <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds as follows:

**A. Infringement**

Plaintiff asserts copyright infringement claims against defendant Brian Wilson based on the following allegations:

> Upon information and belief, each Defendant copied and distributed Plaintiff's copyrighted motion picture *Queen of the Desert*.
>
> . . .
>
> ISP Comcast assigned the IP address 67.182.133.74 to Doe 2, Judy Rushing . . . . , for a period of time, including but not limited to 2016-02-21 15:34:47 UTC, and Defendant's IP address was observed infringing Plaintiff's motion picture at that time. Rushing has identified Defendant Brian Wilson, an adult son residing at the residence and with access to the IP address during the relevant period of time, as the party admitting to and responsible for the infringement. On information and belief, Defendant resides at the noted location. (See Dkt. 27 ¶ 53)

Dkt. # 72 at ¶ 10 and ¶ 18. Plaintiff seeks judgment on the pleadings, arguing that these allegations are deemed admitted and establish copyright infringement.

With regards to the general allegation of copying and distribution of *Queen of the Desert*, defendant Wilson claimed a lack of information and denied the allegations under Fed. R. Civ. P. 8(b)(5). Dkt. # 81 at ¶ 5. He also denied the more specific factual allegations in paragraphs 20-25 of the Second Amended Complaint, again claiming

---

[1] This matter can be decided on the papers submitted. Defendant's request for oral argument is, therefore, DENIED.

insufficient knowledge to form a belief about their truth. Dkt. # 81 at ¶¶ 7-8.[2] As for the allegations regarding what Judy Rushing said about defendant, the failure to deny the allegations is deemed an admission that (a) Judy Rushing identified defendant as the infringer and (b) Judy Rushing stated that defendant had admitted the infringement. Proof of what Judy Rushing said does not establish that defendant, in fact, infringed or admitted infringement. Plaintiff has not shown that it is entitled to a declaration of infringement based on the pleadings.

**B. Counterclaims**

Plaintiff is, however, entitled to judgment on defendant's counterclaims. Defendant alleges that any damages plaintiff incurred as a result of the swarm at issue in this litigation were satisfied long ago under the "single satisfaction rule" of 17 U.S.C. § 504(c)(1) and that plaintiff's efforts to obtain a double recovery violate the Washington Consumer Protection Act. Under § 504(c)(1), a copyright owner may elect to recover statutory damages, rather than actual damages, "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." Defendant argues that, because plaintiff has settled with other alleged participants in the swarm at issue here and/or because plaintiff has obtained judgments in other litigation involving the same swarm, it has obtained all the satisfaction to which it is entitled.

To the extent § 504(c) establishes a "single satisfaction rule," it expressly applies only to "infringements involved in the action." See also Malibu Media, LLC v. Ricupero, 2015 WL 4273463, at *2 (S.D. Ohio July 14, 2015) (noting that statutory damages are

---

[2] The Court takes no position on whether these denials are worthy of credence. Plaintiff has not attempted to show that the answers are obviously a sham or that the allegations should otherwise be deemed admitted.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 3

determined on a per-work, per-case basis). Defendant cannot ignore the plain statutory language and has made no effort to show why settlements or judgments reached in other cases would be relevant to the analysis. With regards to settlements reached with other defendants in this action, those individuals were not "adjudicated liable for infringement, and jointly and severally liable with another infringer." <u>Friedman v. Live Nation Merch., Inc.</u>, 833 F.3d 1180, 1191 (9th Cir. 2016). Plaintiff's claim for damages against defendant is the only one that will be adjudicated in this matter, and plaintiff may, up until the time of final judgment, elect to seek a single award of statutory damages against him. Defendant's counterclaims have no basis in the law and do not raise a plausible inference of liability.

For all of the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED in part and DENIED in part. Defendant's counterclaims are hereby DISMISSED. Plaintiff is not, however, entitled to a judgment of infringement based on the pleadings of record.

Dated this 3rd day of March, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS - 4