UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QOTD FILM INVESTMENT, LTD, <br><br> Plaintiff, <br><br> v. <br><br> MARY STARR, *et al.*, <br><br> Defendants. | Case No. C16-0371RSL <br><br> ORDER DENYING MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on defendant Brian Wilson's "Motion for a Protective Order Regarding Plaintiff's First Set of Discovery." Dkt. # 97. Having reviewed the memoranda, declaration, and exhibits submitted by the parties as well as the sealed Declaration of Judy Rushing (Dkt. # 96-2), the Court finds as follows:

Before bringing a motion for protective order, the parties must confer in good faith in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). Pursuant to LCR 26(c)(1), "[a] good faith effort to confer requires a face-to-face meeting or a telephone conference." Defendant's June 6, 2017, email is insufficient, and no "course of conduct" between the parties (Dkt. # 104 at 2) can abrogate the requirements of the local rules.

The meet and confer requirements are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 1

1  opportunity to resolve discovery disputes and that only genuine disagreements are
2  brought before the Court. A good faith effort to resolve this matter would have involved a
3  face-to-face or telephonic exchange of information regarding defendant's medical
4  condition, how it impacts his ability to participate in this case, and the requested
5  accommodation. At present, plaintiff's counsel has no details, much less evidence,
6  regarding Mr. Wilson's medical condition.[1] It appears that plaintiff is nevertheless willing
7  to extend the time in which to provide discovery responses, and the parties could have
8  negotiated the details of that extension and a sensible procedure for resolving the dispute,
9  including seeking a competency determination, appointing a guardian, and/or engaging in
10 settlement negotiations. None of these things happened, however. Because no meaningful
11 discussion regarding the need for a protective order took place, defendant has not satisfied
12 the meet and confer requirement of Fed. R. Civ. P. 26(c)(1) or LCR 26(c)(1).

14     For all of the foregoing reasons, defendant's motion for protective order (Dkt.
15 # 97) is DENIED.

17     Dated this 24st day of July, 2017.

                                    *signature*
                                    Robert S. Lasnik
                                    United States District Judge

---

[1] While the filing of Ms. Rushing's declaration under seal was appropriate in the context of counsel's motion to withdraw, at this juncture additional disclosures are necessary. An actual meet and confer would have given the parties an opportunity to make appropriate disclosures in a non-public setting that could have forestalled this motion and/or resulted in a negotiated path forward.

ORDER DENYING MOTION FOR
PROTECTIVE ORDER - 2