UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QOTD FILM INVESTMENT, LTD,

Plaintiff,

v.

MARY STARR, *et al.*,

Defendants.

Case No. C16-0371RSL

ORDER DENYING MOTION TO
DISMISS COUNTERCLAIM

This matter comes before the Court on "Plaintiff's 12(b)(1) Motion to Dismiss Counterclaim of Judy Rushing." Dkt. # 108. On July 8, 2016, plaintiff asserted a copyright infringement action against Judy Rushing alleging that she "copied and distributed Plaintiff's copyrighted motion picture *Queen of the Desert*." Dkt. # 16 at ¶ 10. This allegation was based on the fact that the internet connection Rushing paid for was used to connect to a swarm and to share/download plaintiff's film. Under plaintiff's theory of the case, Rushing was liable because she either (a) personally downloaded the film or (b) failed to prevent another person from using her internet connection to do so.

Rushing promptly notified plaintiff that she did not copy *Queen of the Desert*, but that another adult residing in her house did. She refused to identify the non-party. Plaintiff, for its part, refused to dismiss the claims against her unless and until she provided identifying information. On August 8, 2016, Rushing filed an answer and

ORDER DENYING MOTION TO
DISMISS COUNTERCLAIM - 1

counterclaim seeking a declaration of non-infringement and an award of attorney's fees and costs for having to defend the case. Dkt. # 27. Rushing eventually capitulated and identified her son, Brian Wilson, as the person who participated in the *Queen of the Desert* swarm. Shortly thereafter, plaintiff filed a motion to amend and was granted leave to dismiss its claims against Rushing and add claims against Wilson.

To the extent plaintiff thought the amendment resolved Rushing's counterclaims, it was mistaken. When a plaintiff voluntarily dismisses its claims, the Court may, but is not required to, dismiss compulsory counterclaims that are then pending. See Smith v. Lenches, 263 F.3d 972, 977 (9th Cir. 2001) (noting that the appellate court's "standard of review leads [it] to consider whether the district court abused its discretion by dismissing [defendant's] counterclaim."). The order granting leave to amend did not address the issue (Dkt. # 71), and Rushing made clear in January 2017, if not earlier, that she believes her counterclaim remains outstanding. Although the caption of the case has not been formally amended, the docket in this matter accurately reflects that Rushing's counterclaim is still pending.

Plaintiff now seeks dismissal of Rushing's counterclaim for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Plaintiff's dismissal of its claims against Rushing in favor of suing the person who actually downloaded *Queen of the Desert* would not be enough to end its controversy with Rushing. The dismissal was without prejudice, and plaintiff could at any moment reallege that Rushing is liable under the Copyright Act because she failed to take precautions to prevent third-parties from using her internet connection to download the

1  film.¹ Plaintiff's voluntary and unilateral cessation of the lawsuit did not deprive Rushing
2  of her right to seek a declaration that she has not infringed.
3       Recognizing that more is needed, plaintiff states in its motion that it
4  "unconditionally asserts that it will not enforce asserted Copyright Registration No. PAu
5  3-766-976, as set forth in the complaint, against Ms. Rushing for any act occurring to the
6  present date." Dkt. # 108 at 5. The Court accepts this carefully worded "unconditional
7  assertion" as an enforceable promise that plaintiff will not pursue a copyright
8  infringement claim against Rushing under any theory that is related to *Queen of the*
9  *Desert* and arose prior to the date of this order. The de facto dismissal that occurred when
10 Rushing was dropped from the complaint is therefore converted into a dismissal with
11 prejudice. Because this enforceable covenant not to sue and/or dismissal with prejudice
12 makes any possibility of a future infringement action speculative, there is no actual case
13 or controversy to form the basis for the Court's jurisdiction over Rushing's request for a
14 declaratory judgment. See Nat'l Prods., Inc. v. Gamber-Johnson LLC, C07-1985RAJ,
15 2008 WL 11343465, at *2-4 (W.D. Wash. Apr. 23, 2008).
16      Nevertheless, Rushing has preserved her right to seek attorney's fees, and the
17 Court retains jurisdiction to consider that request. Id., at *5. Section 505 of the Copyright
18 Act provides:

> In any civil action under this title, the court in its discretion may allow the
> recovery of full costs by or against any party other than the United States of
> an officer thereof. Except as otherwise provided by this title, the court may
> also award a reasonable attorney's fee to the prevailing party as part of the

---

¹ The Court is not espousing or otherwise promoting this theory of copyright infringement. In fact, for the reasons stated in Elf-Man, LLC v. Cariveau, C13, 0507RSL (Dkt. # 78), the "failure to secure" theory cannot support claims of direct, contributory, or indirect infringement in the circumstances presented here. Plaintiff admits as much in reply when it acknowledges that there would be no basis for asserting an infringement action against Rushing given that her son has admitted to actually performing the download of copyrighted material. Dkt. # 111 at 1.

ORDER DENYING MOTION TO
DISMISS COUNTERCLAIM - 3

costs.

17 U.S.C. § 505. It appears likely that, having obtained a dismissal of the claims against her with prejudice, Rushing will be able to show that she has materially altered the legal relationship of the parties, triggering the Court's discretion to award fees under § 505. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001); Cadkin v. Loose, 569 F.3d 1142, 1148-49 (9th Cir. 2009). Plaintiff's efforts to resolve the copyright dispute between the parties does not erase the counterclaim Rushing was forced to assert or her entitlement to the relief afforded to prevailing parties under the Copyright Act and/or the Rules of Federal Procedure.

For all of the foregoing reasons, plaintiff's motion to dismiss Rushing's counterclaim is DENIED.

Dated this 28th day of November, 2017.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge