Honorable Robert S. Lasnik

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

QOTD FILM INVESTMENT LTD.     )

          Plaintiff,          )

          vs.          )

MARY STARR et al.     )

          Defendants     )

_____)

And Related Cross Actions     )

Case No.: 2:16-cv-00371-RSL

**DEFENDANT JUDY RUSHING'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT**

NOTICE ON MOTION CALENDAR:
February 9, 2018

**NOTICE OF MOTION**

Defendant, JUDY RUSHING ("Rushing"), will move for entry of final judgment in favor of Rushing on her counterclaim for Declaratory Judgment of Non-infringement and Plaintiff's, QOTD FILM INVESTMENTS, LTD. ("QOTD"), claim for copyright infringement under the Copyright Act pursuant to Fed. R. Civ. P. 12(c), or Fed. R. Civ. P. 56. And respectfully asks that this Court enter a judgment of non-infringement in favor of Rushing as against QOTD.

DEFENDANT JUDY RUSHING'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE
PLEADINGS AND/OR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT

page 1

1    QOTD has admitted in prior papers that Rushing is not responsible for infringement of the

2    movie *Queen of the Desert*. Counsel for Rushing requested that QOTD sign a stipulation to enter

3    judgment in Rushing's favor. QOTD refused, necessitating this motion.

4    The motion will be based on this Notice of Motion and Motion, the Memorandum of Points

5    and Authorities filed herewith, the declaration of J. Curtis Edmondson, the complete record, and upon

6    such other matters as may be presented to the Court at the time of the hearing.

7                          **MEMORANDUM OF POINTS AND AUTHORITIES**

8        **I.    INTRODUCTION**

9        Rushing moves for judgment on the pleadings and/or summary judgment in her favor,

10   pursuant to Fed. R. Civ. P. 12(c), or Fed. R. Civ. P. 56 (a). Pursuant to this motion, Rushing

11   respectfully requests this Court to enter a judgment of non-infringement in favor of Rushing, as against

12   Plaintiff, QOTD.

13

14       **II.    FACTUAL BACKGROUND**

15       On July 8, 2016, QOTD asserted a copyright infringement action against Rushing alleging

16   that she "copied and distributed Plaintiff's copyrighted motion picture *Queen of the Desert*." Dckt. 16

17   at ⁋ 10. Rushing promptly notified Plaintiff that she did not copy *Queen of the Desert* and submitted

18   an answer and compulsory counterclaim of declaratory non-infringement against QOTD on August 8,

19   2016. Dckt. 27. The counterclaim sought a declaration of non-infringement and an award of attorney's

20   fees and costs for having to defend the case. Dckt. 27. On September 9, 2016, QOTD responded to

21   Rushing's counterclaim. Dckt. 50. QOTD then sought to dismiss Rushing's counterclaim, Dckt. 108,

22

23   and was denied by this Court on November 28, 2017. Dckt. 113. QOTD expressly stated, "There is no

24   claim for infringement against Ms. Rushing in this case". Dckt. 108 pg. 1, See *RJN*.

25

26

**DEFENDANT JUDY RUSHING'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT**

### III.   MEET AND CONFER

Pursuant to L.R. 26 (f), Rushing's counsel, Edmondson, emailed QOTD's counsel, Lowe, to meet and confer about the filing of this motion. Edmondson Declaration, Exhibits 1-4.

### IV.   ARGUMENT

#### A.  Standard of Review

##### 1.  Motion on the Pleadings

After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). In a motion for a judgment on the pleadings, the allegations of the non-moving party must be accepted as true. *Hal Roach Studios, Inc. vs. Richard Fenner and Co., Inc*., 896 F.2d 1542, 1550 (9th Cir. 1990). A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The Western District of Washington follows the Ninth Circuit, "A judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." *Kellogg v. Klitsap Cnty.*, Case No. C-12-5717 RJB (W.D. Wash, 2013) citing *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036 (9th Cir. 2009). Additionally, any such claims must meet the standards plausibility of the right to relief, and allege enough facts that the court may reasonably infer that the defendant (Plaintiff in this declaratory action) is liable for the misconduct alleged. *Id*; S ee *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); See *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

##### 2.  Summary Judgment

Federal Rules of Civil Procedure 56(a) states in its entirety:

**DEFENDANT JUDY RUSHING'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT**

1

2

3

4

"A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).

5

6

7

8

9

10

11

12

13

14

Summary judgment is appropriate if the pleadings, affidavits, and evidence on file "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is essential to the disposition of a claim under controlling law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a rational trier of fact could resolve the issue either way. See, *Id*. All facts and inferences must be viewed in the light most favorable to the non-moving party. *Id*. at 255. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, then all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

15

16

**B.  Judgment Should be Entered for Rushing.**

17

18

      **1.  Judgment on the Pleadings and/or Summary Judgment should be granted for Rushing on non-infringement since QOTD had admitted Rushing did not Infringe.**

19

20

21

22

23

24

25

26

For the present motion, the only material fact necessary to make a judgment of law is whether Rushing ever violated QOTD's copyrights by downloading the movie, *Queen of the Desert*. Based on both parties' statements there is consensus that Rushing never infringed upon the copyright held by QOTD on *Queen of the Desert*. Rushing's position had been unwavering since her answer and compulsory counterclaim of declaratory non-infringement were filed with this Court on August 8, 2016. Dckt. 27. Moreover, QOTD has expressly stated Rushing is no longer deemed an infringer, "There is no claim for infringement against Ms. Rushing in this case". Dckt. 108 pg. 1, See *RJN*.

**DEFENDANT JUDY RUSHING'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

QOTD FILM INVESTMENT LTD.,

    Plaintiff,

v.

BRIAN WILSON, an individual

    Defendant.

Civil Action No. 16-cv-0371RSL

PLAINTIFF'S 12(b)(1) MOTION TO DISMISS COUNTERCLAIM OF JUDY RUSHING

NOTE ON MOTION CALENDAR:
August 25, 2017

### I.   INTRODUCTION

Plaintiff QOTD Film Investment Ltd. respectfully moves to dismiss the counterclaim of Judy Rushing for Declaratory Judgment of Noninfringement and terminate her from the case. There is no claim for infringement against Ms. Rushing in this case, and there has not been since

Since Rushing never infringed upon QOTD's copyrights she is entitled to relief on this point. Rushing is entitled to judicial relief in the form of a judgment entered in her favor as to QOTD's infringement claim and Rushing's declaratory non-infringement counterclaim.

**2.  The Court's Order at Docket 113 is *Res Judicata* to the argument that the Court lacks Subject Matter Jurisdiction.**

To save time and money Rushing's counsel, Edmondson, offered to stipulate to enter final judgment in this matter. QOTD's counsel, Lowe, refused by email stating:

> "Regarding your request to stipulate to a final judgment with respect to Rushing on her counterclaim, we respectfully disagree. The Court correctly held that there is no subject matter jurisdiction over Rushing's request for a declaratory judgment. Having reached that conclusion, there is no further claim in dispute between the parties. The Court's order nonetheless concluded that the counterclaim is not dismissed because it can consider a request for fees, but that part of the order is in error. Once the court is divested of subject matter jurisdiction it can no longer consider the declaratory judgment counterclaim. The Court can consider fees, but need not (and cannot) retain the counterclaim to do so." Edmondson Declaration, Exhibit 4.

This issue has already been decided by this court in Docket 113. "Nevertheless, Rushing has preserved her right to seek attorney's fees, and the Court retains jurisdiction to consider that request." See, *RJN*. This judgment should be entered per this Court's Order in Rushing's favor and Rushing should be deemed the prevailing party.

**DEFENDANT JUDY RUSHING'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## V.     CONCLUSION

As QOTD no longer considers Rushing an infringer, this Court should grant this motion for judgment on the pleadings, or in the alternative summary judgment on Rushing's compulsory claim of non-infringement so that she may recover the fees that she has incurred. Rushing should be deemed the prevailing party under the Copyright Act and other principles of law (e.g. FRCP 54(b)) to be deemed by motion.

Dated: <u>January 12, 2018</u>                    Respectfully Submitted by,


/s/ J. Curtis Edmondson
J. Curtis Edmondson, WA SBN 43,795
Law Offices of J. Curtis Edmondson, PLLC
Venture Commerce Center,
3699 NE John Olsen Ave, Hillsboro, OR 97124
ph: (503) 336-3749
*Attorney for Defendant Judy Rushing*

**DEFENDANT JUDY RUSHING'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT AND ENTRY OF FINAL JUDGMENT**