Honorable Robert S. Lasnik

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | | |
|---|---|---|
| QOTD FILM INVESTMENT LTD.<br><br>Plaintiff,<br>vs.<br><br>MARY STARR et al.<br><br>Defendants | ) | Case No.: 2:16-cv-00371-RSL<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF NON INFRINGEMENT DUE TO LACK OF STANDING**<br><br>NOTICE ON MOTION CALENDAR: Friday, March 2, 2018<br><br>**ORAL ARGUMENT REQUESTED** |
| And Related Cross Actions | ) | |

**NOTICE OF MOTION**

Remaining defendants and counterclainants Judy Rushing[1] and Brian Wilson ("Defendants") request that the Court enter summary judgment of non-infringement of the movie "*Queen of the Desert*". Plaintiff, QOTD FILM INVESTMENTS, LTD. ("QOTD"), former copyright holder of the movie "*Queen of the Desert*", is an administratively dissolved company organized under the laws of

[1] Ms. Rushing has a pending motion for judgment on the pleadings at Dckt 115. This motion is brought in addition to that motion and does not act to withdraw that pending motion.

the United Kingdom ("UK"). The effect of administrative dissolution in the UK is that the company lacks standing to maintain all actions. Fed. R. Civ. P. 17(b)(2); *Levin Metals Corp. v. Parr-Richmond Terminal Co.*, 817 F.2d 1448, 1451 (9th Cir. 1987).

The defendants intend for this Court to consider the corporate laws of the UK pursuant to Fed. R. Civ. P. 44.1. *Vincent Sicre de Fontbrune v. Wofsy*, 838 F.3d 992, 120 U.S.P.Q.2d 1230, 120 U.S.P.Q.2d 1650 (9th Cir., 2016).

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of J. Curtis Edmondson, the complete record, and upon such other matters as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

### A. BACKGROUND

QOTD registered a copyright for the film "*Queen of the Desert*". (see Copyright Certificate No. PAu 3-766-976, at Docket 16-1 and attached as RJN 4). The copyright certificate states that QOTD FILM INVESTMENT LTD as the copyright claimant of the entire motion picture and is a citizen of the UK. *Id.*

.

### B. THE COMPANIES ACT 2006 ORDINANCE AND QOTD'S DISSOLUTION

Companies that are registered under UK law are governed by the Companies Act 2006 ("the 2006 Act" at RJN 1). The 2006 Act sets forth the requirements for United Kingdom companies to become registered and to maintain their registration in good standing. One of the ways in which a company can be dissolved is through the Registrar's "striking off" the company if it is not in operation or carrying on business (the 2006 Act, Section 1000).

One requirement for a duly registered UK company is to file an annual return containing up-to-date information regarding the company's affairs. The Registrar may, unless cause is shown to the contrary, strike the company's name off the Companies Register…. at the end of three months after the date of the notice." (RJN 1, Section 1000(3)-(6)).

Companies House maintains a website for UK companies that is similar in operation to websites maintained by most Secretaries of State in the United States. This website is available for free. (See https://www.gov.uk/government/organisations/companies-house). A UK company can be found using a search tool. (See https://beta.companieshouse.gov.uk/) The documents filed for QOTD Film Investment are available online at Companies House. When searched, QOTD FilmInvestment, Ltd is available on the internet and provides a tabbed docketing sheet. (See RJN 2, also found at https://beta.companieshouse.gov.uk/company/08729265).

On October 11, 2013, QOTD was incorporated as a United Kingdom private company, under the registered company number 08729265. (RJN 2-1).

On November 11, 2014, Michael Benaroya is listed as a Director of QOTD, with a correspondence address of 3rd, Floor Vyman House, 104 College Road, Harrow, England, HA1 1BQ. (RJN 2-2).

On November 20, 2015, QOTD filed their annual return. (RJN 2-3).

On January 31, 2016 QOTD filed their annual return. (RJN 2-4).

On January 10, 2017, the UK gave notice to QOTD would be struck from the register. (RJN 2-5). This notice stated in part:

> "QOTD FILM INVESTMENT LIMITED will be struck off the register and the company will be dissolved. Upon dissolution all property and rights vested in, or held in trust for, the company are deemed to bona vacantia, and accordingly belong to the crown."

On March 25, 2017, QOTD was dissolved. (RJN 2-6).

## II. ARGUMENT

### A. SUMMARY JUDGMENT STANDARD

Federal Rules of Civil Procedure 56(a) states in its entirety:

> "A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).

Summary judgment is appropriate if the pleadings, affidavits, and evidence on file "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it is essential to the disposition of a claim under controlling law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if the evidence is such that a rational trier of fact could resolve the issue either way. See, *Id*. All facts and inferences must be viewed in the light most favorable to the non-moving party. *Id*. at 255. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, then all other factual issues concerning the claim become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Also, ownership of the allegedly infringed copyright is necessary in order to bring a claim for copyright infringement, "[t]o establish a claim of copyright infringement by reproduction, the plaintiff must first show ownership of the copyright." *Kelly v. Arriba Soft Corp*., 336 F.3d 811, 817 (9th Cir. 2003); see also, *Printex Indus., Inc. v. Aeropostale, Inc*., 676 F.3d 841, 846 (9th Cir. 2012).

Here QOTD, due to its dissolution in the UK, lacks standing to sue and ownership of the copyrights at issue.

**B. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE QOTD LACKS CAPACITY TO MAINTAIN THIS ACTION**

Fed. R. Civ. P. 17(b)(2) provides that a corporation's "capacity to sue or be sued" is determined "by the law under which it was organized." "Capacity . . . is not only the power to bring an action, but is also the power to maintain it." *Mather Constr. Co. v. United States*, 475 F.2d 1152, 1155 (Ct. Cl. 1973)) stating:

> "Thus, a corporation may have capacity to sue when it files a complaint and subsequent to that time lose that power . . . ." 6A C. Wright & A. Miller, Federal Practice & Procedure Civil § 1559 (3d ed. 2015) (citing *Mather Constr. Co.*). The incapacity of a corporation to proceed in a lawsuit "may be raised as a defense at any time prior to final judgment." *Id.* at 1155; *In re Christian & Porter Aluminum Co*. 584 F.2d 326, 331 (C.A.9, 1978)

The decision in *Mather Construction Co.* is illustrative. In *Mather*, the three plaintiffs were corporations organized under the laws of California and were seeking to recover monies allegedly due on a construction contract. *Mather Constr. Co.*, at 1153-54. Shortly before trial, the defendant learned that the rights and privileges of all three plaintiff corporations had been suspended in California for failure to pay corporate franchise taxes, including one corporation that was suspended after initiating the lawsuit. *Id.* at 1153-55. The court found that because California law prohibited a suspended corporation from suing or defending a lawsuit, all three plaintiffs—including the one corporation that was suspended only after initiating the lawsuit—were "powerless to proceed" in the case for lack of capacity to sue, and thus the case warranted dismissal. *Id.* at 1155.

Here the corporate laws of the United Kingdom are similar to the California laws when *Mather* was decided. When UK companies fail to perform certain acts, they are first given notice of pending dissolution. If the companies do not cure the problem, they are dissolved and then struck

off the register. QOTD was struck from the register and dissolved on March 28, 2017. Further, since it has been close to a year since dissolution and over a year from notice, one can reasonably assume that QOTD intended for this happen and agrees that dissolution is pragmatic solution to a failed movie.

But dissolution of the company in the UK has consequences for US litigation in that it must be dismissed. QOTD's situation is similar to that of New Asia Enterprises, a Hong Kong company who sued a New York company in the Southern District of New York in 2013. New Asia's case then progressed towards trial. In 2016, Fabrique learned that New Asia Enterprises was dissolved under Hong Kong law and moved to dismiss the case for lack of standing. In 2017, the SDNY granted Fabrique's motion for summary judgment for lack of standing. As the *New Asia* court stated:

> A corporation's "dissolution puts an end to its existence, the result of which may be likened to the death of a natural person. There must be some statutory authority for the prolongation of its life, even for litigation purposes." *Chi. Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*, 302 U.S. 120, 124-25 (1937). Indeed, "[a] corporation's dissolution abates all pending litigation, absent a contrary provision under the law where that corporation was formed." *In re Cent. Gulf Lines, Inc.*, 62 F. App'x 557, 2003 WL 1202793, at *4-6 (5th Cir. Mar. 3, 2003) (interpreting Panamanian statute regarding dissolved corporation's capacity to sue, per Rule 17(b)(2), because corporation had been incorporated in Panama).

Opinon and Order in *New Asia Enterprises v Fabrique*, 13-CV-5271 (SDNY 1/26/2017) attached as RJN 3

Hong Kong's corporation laws, being a former British colony, are similar to UK corporation laws regarding dissolution.

It is undisputed that as of March 28, 2017 QOTD was incorporated and dissolved under UK law and is dissolved to this day. (See RJN 2, 2-5). QOTD's dissolution means that QOTD no longer enjoys a legal existence and lacks the capacity to sue or be sued. *Id.*

C. **<u>DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT BECAUSE QOTD NO LONGER OWNS THE COPYRIGHT TO THE MOVIE "*QUEEN OF THE DESERT*" AND THE CURRENT CHOSE OF ACTION FOR INFRINGEMENT.</u>**

Under *bona vacantia* all assets of a dissolved corporation vest to the crown. See *New Asia* at 6. Therefore, the copyright for the movie, *Queen of the Desert*, is now owned by the Crown. Similarly, since all assets of QOTD Film Investments Ltd. now belong to the Crown, this would include plaintiff's copyright chose in action, the subject of this litigation.

As the Crown is now the real party in interest and not a party to this litigation, summary judgment must be granted in favor of the defendants.

## III. CONCLUSION

QOTD lacks the capacity to maintain this lawsuit, there exists no "genuine dispute as to any material fact" for trial, FRCP 56(a), and all of QOTD's claims in the Complaint should be dismissed with prejudice. Further, under UK's dissolution statutes, all assets of QOTD have vested in the crown, and therefore the copyright and Plaintiff's chose of action vests in the crown. In summary, QOTD no longer has a claim against the Defendants and has not had one since March 28, 2017.

It can be noted that even though the corporation was dissolved on March 28, 2017, numerous pleadings were filed by the Plaintiff after that date. See Dckts 98, 101, 108, 109, 111. Such filings were probably without authority as QOTD did not exist. [2]

[2] Plaintiff participated in a mediation but it is not clear that QOTD would have had authority to enter into a settlement at that time (as QOTD did not exist.), such a settlement would have been *void ab inititio* as the Crown is the owner of all assets of QOTD by operation of law. The same is true for QOTD's purported offers of "covenants not to sue" to Rushing.

For the foregoing reasons, Defendants respectfully requests that the Court enter summary judgment in its favor, dismiss all of QOTD's claims with prejudice, enter judgments of non-infringement for the Defendants and dismiss this action in its entirety.

Dated: February 4, 2018

Respectfully Submitted by,

/s/ J. Curtis Edmondson
J. Curtis Edmondson, WA SBN 43,795
Law Offices of J. Curtis Edmondson, PLLC
Venture Commerce Center,
3699 NE John Olsen Ave, Hillsboro, OR 97124
ph: (503) 336-3749
*Attorney for Defendants*