Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| QOTD FILM INVESTMENT LTD., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN WILSON, an individual <br><br> Defendant. | Civil Action No. 16-cv-0371RSL <br><br> PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS AND/OR SUMMARY JUDGMENT |

    Plaintiff respectfully submits that the motion for judgment on the pleadings and/or summary judgment filed by Judy Rushing is improper in light of the Court's November 28, 2017 Order (Dkt. 113) and should be denied. Ms. Rushing's motion purports to seek judgment (a) "on her counterclaim for Declaratory Judgment of Non-infringement" and (b) on "Plaintiff's . . . claim for copyright infringement under the Copyright Act." (Dkt. 115 p. 1) But neither claim still exists in this case, making Ms. Rushing's motion improper and wasteful.

    Plaintiff has tried to explain to Ms. Rushing that there can be no entry of judgment on these claims because there is no jurisdiction over them, but to no avail. Although the Court may be able to consider the question of attorney's fees, it cannot enter judgment on either Plaintiff's original claim or Ms. Rushing's counterclaim. Plaintiff is concerned that the present motion is an effort to expend judicial resources in order to increase the potential amount of such attorney's fees, and to that end the present motion is especially wasteful.

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT - 1
Civil Action No. 16-cv-0371RSL
INIP-6-0031P67 OPPMOTSJ01

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

A. **THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE DECLARATORY JUDGMENT COUNTERCLAIM**

Ms. Rushing filed only a single counterclaim in this case for Declaratory Judgment of Non-Infringement. (Dkt. 27, pp. 5-6) The Court's November 28, 2017 Order confirmed that Ms. Rushing's counterclaim remained in the case after the October 21, 2016 substitution of her son, but the Order also expressly confirmed that there was no subject matter jurisdiction over the claim, and that the sole purpose of retaining the claim was to consider the possibility of fees. Thus, the Court confirmed that Plaintiff's unconditional assertion that it will not enforce its copyright registration against Ms. Rushing removed subject matter jurisdiction over that counterclaim:

> The de facto dismissal that occurred when Rushing was dropped from the complaint is therefore converted into a dismissal with prejudice. Because this enforceable covenant not to sue and/or dismissal with prejudice makes any possibility of a future infringement action speculative, there is no actual case or controversy to form the basis for the Court's jurisdiction over Rushing's request for a declaratory judgment.

(Dkt. 113, p. 3) Accordingly, at least as of the date of that order, Ms. Rushing's counterclaim ceased to exist in this case, and there is no legal basis for her motion for judgment on that claim.

Plaintiff further submits that the Court's statement that it retained jurisdiction over the counterclaim for the purpose of evaluating fees was unnecessary and in error. The Court indicated that it retained jurisdiction to consider a request by Ms. Rushing for attorney's fees under Section 505 of the Copyright Act, (Dkt. 113, pp. 3-4), citing *Nat'l Prods., Inc. v. Gamber-Johnson LLC*, C07-1985RAJ, 2008 WL 11343465, at *2-4 (W.D. Wash. Apr. 23, 2008). In that case, jurisdiction was retained over a claim in a patent dispute because attorney's fees were based on the exceptional case standard, and the parties may have needed to conduct discovery or other investigation in to the issue. Indeed, the court expressly noted the difference between such a standard and the prevailing party standard (which would not require the court to retain jurisdiction). This case, unlike *Nat'l Prods.*, involves a prevailing party standard and therefore does not support retention of the claim. Under mandatory Supreme Court authority, "an interest in

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT - 2
Civil Action No. 16-cv-0371RSL
INIP-6-0031P67 OPPMOTSJ01

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

attorneys' fees is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1997).

Even if the claim is somehow retained under *Nat'l Prods.*, the retention of the claim is not for the purposes of entering a judgment, but rather for the *sole* purpose of investigating and evaluating the propriety of fees. There clearly can be no judgment entered on the merits of the claim itself, as this Court's order makes quite clear, and the present motion cannot be granted because the Court lacks jurisdiction to do so.

### B. THERE IS NO CLAIM AGAINST MS. RUSHING FOR COPYRIGHT INFRINGEMENT AS TO WHICH JUDGMENT CAN BE GRANTED

The same is true with respect to Plaintiff's original claim. Ms. Rushing has not been a defendant in this case since October 21, 2016, when the Court granted Plaintiff leave to dismiss its claims against Ms. Rushing and to substitute her son, the admitted infringer, Brian Wilson. (Dkt. 71) This was confirmed in the Court's November 28, 2017 Order. (Dkt. 113, pp. 2-3) This has also been acknowledged by Ms. Rushing, (see, e.g., Dkt. 115 p. 5), making her present motion for judgment on a claim admitted not to be in the case truly baffling. Accordingly, as there is no existing assertion by Plaintiff in this case of a "claim for copyright infringement under the Copyright Act" subject to judgment on the pleadings and/or summary judgment, there is no legal or factual basis for Ms. Rushing's motion.

As admitted by Ms. Rushing, (Dkt. 115, p. 5), Plaintiff attempted to avoid the time and expense associated with the present motion, explaining that the Court lacked subject matter jurisdiction over the original claim and counterclaim and inviting Ms. Rushing to simply "agree in a stipulation that the Court lacks jurisdiction over it" to avoid needless expense for both parties. (Dkt. 115-1, p. 11) Ms. Rushing refused, and proceeded nonetheless with the present motion.

For the reasons set forth above, Plaintiff respectfully submits that the Court lacks subject matter jurisdiction over either claim, and therefore Ms. Rushing's motion should be denied.

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT - 3
Civil Action No. 16-cv-0371RSL
INIP-6-0031P67 OPPMOTSJ01

LOWE GRAHAM JONES℠
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

RESPECTFULLY SUBMITTED February 5, 2018.

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT - 4
Civil Action No. 16-cv-0371RSL
INIP-6-0031P67 OPPMOTSJ01

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

<u>s/ David A. Lowe</u>

PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT - 5

Civil Action No. 16-cv-0371RSL

INIP-6-0031P67 OPPMOTSJ01

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301