UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QOTD FILM INVESTMENT, LTD,

    Plaintiff,

    v.

MARY STARR, *et al.*,

    Defendants.

Case No. C16-0371RSL

ORDER DENYING MOTION FOR DECLARATORY JUDGMENT

This matter comes before the Court on counterclaimant Judy Rushing's "Motion for Judgment on the Pleadings and/or for Summary Judgment and Entry of Final Judgment." Dkt. # 115. On July 8, 2016, plaintiff asserted a copyright infringement action against Rushing alleging that she "copied and distributed Plaintiff's copyrighted motion picture *Queen of the Desert*." Dkt. # 16 at ¶ 10. This allegation was based on the fact that the internet connection Rushing paid for was used to connect to a swarm and to share/download plaintiff's film.

Rushing promptly notified plaintiff that she did not copy *Queen of the Desert*, but that another adult residing in her house did. She refused to identify the non-party. Plaintiff, for its part, refused to dismiss the claims against Rushing unless and until she provided identifying information. On August 8, 2016, Rushing filed an answer and counterclaim seeking a declaration of non-infringement and an award of attorney's fees

ORDER DENYING MOTION
FOR DECLARATORY JUDGMENT - 1

and costs for having to defend the case. Rushing eventually capitulated and identified her son, Brian Wilson, as the person who participated in the *Queen of the Desert* swarm. Shortly thereafter, plaintiff filed a motion to amend and was granted leave to dismiss its claims against Rushing and add claims against Wilson.

The order granting leave to amend did not address Rushing's counterclaim, but she consistently maintained that it remained in play, in part because the infringement claim asserted against her could be reasserted at any time. Plaintiff filed a motion seeking dismissal of the counterclaim and represented that it would not seek to enforce its copyright against Rushing for any act occurring to the date of the motion. The Court found this representation to be an enforceable covenant not to sue and dismissed the infringement claim with prejudice. Because plaintiff could no longer assert an infringement claim against Rushing, there was no longer a case or controversy between the parties that could form the basis for her declaratory judgment action.

Nevertheless, Rushing's claim for costs and attorney's fees under Section 505 of the Copyright Act remains outstanding. Section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States of an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Rushing now seeks a final judgment of non-infringement and a determination that she is the prevailing party entitled to an award of costs and fees. Dkt. # 115-3 at 2.

To the extent Rushing seeks a declaration of non-infringement, the motion is denied. There is no case or controversy regarding infringement as between these parties. Despite the fact that the only issues still in play are whether Rushing is the prevailing party and, if so, the amount of fees and costs to be awarded, neither party substantively

ORDER DENYING MOTION
FOR DECLARATORY JUDGMENT - 2

addresses these issues. The Court has already noted that it appears likely that Rushing is the prevailing party. Plaintiff sued her for copyright infringement based on nothing more than the fact that she paid for an internet connection that was used to download plaintiff's copyrighted film. Despite her protestations of innocence, plaintiff refused to dismiss the claim unless and until Rushing named a substitute defendant. Rushing was forced to defend herself and ultimately obtained an enforceable covenant not to sue. Because she materially altered the legal relationship of the parties in her favor, she will likely be able to show that she is the prevailing party and triggering the Court's discretion to award fees under Section 505. She has not done so to date, however.

Rushing may well be entitled to a judgment against defendant in the amount of reasonable fees and costs incurred in defending this matter, obtaining dismissal of the infringement claim with prejudice, and seeking fees under Section 505.[1] She has not, however, made an effort to prove her entitlement: no judgment can be entered on the current record.

For all of the foregoing reasons, Rushing's motion for declaratory judgment of non-infringement and/or for an award of fees and costs is DENIED.

Dated this 23rd day of March, 2018.

*signature*

Robert S. Lasnik
United States District Judge

---

[1] If it is ultimately determined that Rushing is entitled to an award under Section 505, no fees or costs associated with this motion will be included in the award.

ORDER DENYING MOTION
FOR DECLARATORY JUDGMENT - 3